L. HOWE, Appellant, v. DOUGLAS COUNTY.

*Appeal from Douglas County.*

Fees.—Mileage.—Construction given to secs. 14, p. 738; 15, p. 739; 33, p. 903; and 35, p. 905, with reference to fees and constructive mileage.

Idem.—Single mileage for each precinct, only allowed for serving notices upon the judges of election.

Fees.—What mileage allowed in serving the panel of jurors with notices.

Fees.—Notices.—No mileage allowed for posting notices for collection of taxes.

Sheriff's Mileage.—Sheriff's mileage commences at his office at the county seat.

The plaintiff, appellant, as sheriff of Douglas County, from August 1st, 1866, to July 1st, 1868, averred that he performed certain services for which that county were liable to pay him, and set forth his claims thus:

Writing 84 notices for collection in each precinct, for the years 1866–7
...................................................................... $ 21 00
Posting the same................................................ 42 00
Mileage to and from, posting the same........................ 445 20
Mileage to and from each precinct, to collect taxes for the years
1866–7.......................................................... 142 00
Serving venire of the 3 panels of jurors for May term C. C. 1868.... 45 00
Writing notices of same.......................................... 7 75
Mileage on same................................................. 67 60
Return on same.................................................. 7 75
Mileage for serving subpenas on 32 witness before grand jury....... 83 40
Mileage in serving 42 notices on judges of election, at the June election, 1868............................................. 331 00
Mileage in posting 42 notices of election for June election, 1868..... 331 80

Total.......................................................$1536 00
And admitted a payment of..................................... 291 60

The answer denied any services for the county, except as stated in answer, thus putting in issue each averment of the complaint. It admitted service of venire of one panel of jurors and alleged payment therefor in the sum of $15. For serving said venire for May term of court, 1868, writing notices of same, return and mileage, the defendant paid plaintiff all he was entitled to, $50.25. For subpenaing 32

witness for grand jury full payment is averred in the sum of $43. For serving 42 notices upon judges for June election, 1868, a payment is averred in the sum of $98.80, which defendant alleges "was accepted in satisfaction of service" by plaintiff.

For serving 42 notices of election, a similar payment, 98.80, and acceptance is averred, and the defendant declared that all the mileage for serving said notice of election, and upon judges, did not exceed 1,976 miles, and that the amount paid therefor, fully discharged the same.

No replication was filed.

Upon the trial, the issues tried were submitted to the jury, for special findings, and their verdict was as follows:

We, the jury, find that the plaintiff actually traveled as follows:

|                                                                      | Miles. |
|----------------------------------------------------------------------|--------|
| For collecting taxes for 1867                                        | 315    |
| For serving notices upon judges of election (total)                  | 307    |
| For serving notices on one panel jury, May term, 1858                | 204    |
| Posting notices (tax) 1867                                           | 309    |
| Total number of miles actually traveled in performing all the above mentioned services | 1,134 |

We, the jury, find that the plaintiff traveled, actually and constructively, as follows:

|                                                                      |        |
|----------------------------------------------------------------------|--------|
| For collecting taxes for the year 1867, and serving notices on judges of election for 1868 | 4,484 |
| Serving notices on one panel of jury for May term, 1868             | 1,412  |
| Posting tax notices for 1867                                        | 4,420  |
| Total number of miles as actually and constructively traveled in performing the above service | 10,316 |

(Signed)                                WM. VICKERS, Foreman.

Upon this verdict, the court found the law to be with the defendant, and gave judgment against the plaintiffs for costs, etc.

Plaintiff appealed from that judgment, setting forth as the ground of error, in his notice of appeal:

"1. The court erred in refusing to admit the evidence offered by the plaintiff as to the writing and posting of

notices for the collection of taxes, as appears by the bill of exceptions filed and made a part of the record in said cause.

"2. The court erred in rendering a judgment against plaintiff, in favor of defendant, for its costs and disbursements.

"3. The court erred in not rendering a judgment in favor of plaintiff, against defendant, for the sum of $740.60."

*Willis & Watson,* for appellant.

*Strahan & Burnett,* for respondent.

WILSON, J. As the appellant filed no bill of exceptions, we must confine our examination of this case to the second and third grounds alleged to have been error; and, in fact, from the verdict of the jury, it seems that the only issue tried was whether the appellant was or was not entitled to constructive mileage for certain alleged services. As in the case of *Crawford* v. *Abraham,* 2 Oregon, 163, this court is to give a construction to certain sections in the code, and thus establish a certain rule, which shall operate alike in the different counties of this state. We are aware that great differences of opinion exist as to the true meaning and operation of such sections, and that the different county courts have applied the law in their varying discretions.

This case exhibits but a few of the questions that have arisen in the different districts under the fee bill, and we regret that we cannot now give a full construction to that law, which should cover all those matters. The sections mainly calling for construction here are these:

Sec. 14, p. 738: "Every officer or person whose fees are prescribed in this act, who shall be required to travel in order to execute or perform any public duty, in addition to the fees hereinbefore prescribed, shall be entitled to mileage at the rate of ten cents per mile, in going to and returning from the place where the service is performed."

Sec. 15, p. 739. Mileage for any service by sheriffs, shall in all cases be computed from the county seat or place

of holding court in the county in which the officer performing the service resides, etc.

Sec. 31, p. 903. That the sheriff of each county shall be tax collector thereof.

Sec. 32, p. 904—*Proviso.* The sheriff, before entering upon the duties of collector of taxes, shall execute an additional bond in such sum as the county court of the county may direct.

Sec. 33, p. 905. It shall be the duty of the sheriff upon receipt of the tax roll from the county clerk, immediately thereafter to give notice by posting up written or printed handbills, three in each precinct within his county, to the effect that he, or his deputy, will attend at the usual place of voting in each election precinct in his county, for the purpose of collecting taxes, etc.

Sec. 35, p. 905. The sheriff shall be allowed three per centum on all taxes collected by him, etc., which percentage shall be paid by the county.

It will be seen that sections 14 and 15 cited, undertake to declare the persons to whom mileage shall be allowed and the rate thereof, and the manner of compensation thereof as to the beginning and ending of travel. There is no general provision found elsewhere in the Code applicable to the mileage of a person whose fees are not named and fixed by chap. 18, in which these two sections are found. Other laws either provide specially for such compensation, or by their silence, lead to the conclusion that none was to be given.

By section 31, cited, a new duty is imposed on the person who may happen to be sheriff; he is made tax collector—is compelled to give a new bond, wholly different from his official bond as sheriff—and nothing is said in chap. 18, commonly called the fee bill, as to any fees as such tax collector. His office was created at the same time with the passage of the fee bill, but made no reference to it, and under said section 31, he has to perform certain duties invoking the necessity of traveling. That duty, however, abridges the necessity for far more extended journeyings, in

that, by posting such notices, as are required, the tax payers are obliged to wait upon him in paying their taxes, instead of his waiting upon them. Section 35, as cited, provides the compensation which the tax collector is to have, and the act of which it is a part undertakes to fully define the duties and liabilities of such officer. We think it was intended by the Legislature that the allowance of compensation should cover all the expenses and labor he might incur or perform in collecting taxes. He is not in such capacity a person included in and provided for in sec. 14 of chap. 18. The Legislature provided that by a less amount of travel, he could obviate the necessity of a greater, and by a gross amount of percentage indicated their intention of making that a full compensation. Upon the first and last points in the special verdict, we think the court below found correctly as to the law.

The question as to posting notices of election does not seem to have been submitted to the jury, probably from inadvertance; for, if the duty of serving notices of appointment upon judges of the election, could carry mileage, certainly that of posting notices of the election in each precinct is equally meritorious. Our decision, however, of the one, will be an indication of the construction on that point, upon which county courts may hereafter act.

Sec. 14, giving the right to mileage, applies its privileges to witnesses and sheriffs alike. Their fees are contained in the same act, and in similar cases, should have similar allowances. This court held in *Crawford* v. *Abraham*, our rule to be thus: " The claim for disbursements must be for the number of miles actually traveled, and in the number of days in actual attendance as a witness only," and as a rule still further delineating the rights of a witness, that "in two or more cases between the same parties, at the same term, a witness would be allowed but single mileage and attendance, etc." The full force of those rules does not apply here, but the intention there manifested is plain, that the claim must be for the number of miles actually traveled, and serves some purpose in guiding our findings here.

Howe *v.* Douglass County.

Sec. 14 we think means this, if in executing a public duty an officer, of that class of persons provided for, must necessarily travel any distance, he is to be allowed ten cents per mile for his actual going to and returning from the place where he executes that duty. And we think that section 15, read in connection with section 14, provides in the case of the sheriff, that no matter where he may be when a process is put into his hands, he may in estimating his mileage count from the county seat. This evidently arises from the fact his office is there by law, and he is supposed to be present there ready for any business connected with that office. That is his official home and the Legislature intended his official travel should begin there.

Applying this construction to the case under consideration, the notice to the judges in each precinct is required. It is one act in which the county is the sole party made liable. In fact the notice to be served is but a single paper on which the returns must be made. While in the precinct the sheriff is where the three persons live who are to be served, and it is supposed he executes his duty speedily and carefully. He travels but once, with a single paper in his possession, sent by but one party, and following the spirit of our ruling, as cited, we think the law does not intend to pay him for labor which he does not perform. The services of no one can be required without just compensation, but unless plainly provided for, that which requires no service, no outlay of labor or expense, is not a claim upon which we ought to give an unusual construction to the law. We think the sheriff could claim his mileage for serving the notice belonging to, or necessary to be served in each precinct from the county seat, to the residence of the farthest one named in such notice, to be served. No evidence is here to show other than the truth of the finding of the jury, as to the actual number of miles traveled by appellant, and certainly the amount alleged to have been paid him by respondent, more than covers the claim due upon verdict.

The jury very properly found that the appellant served a venire of but one panel of jurors, and found the miles actually traveled in executing that service, and from that finding we think the court paid appellant all he should be entitled to receive. The constitution of the statute must be made in subordination to the rules so long known and well established, and to that construction the court must bring an exercise of common sense and reason. Suppose the sheriff has a venire for a panel of jurors, in a single process of paper, and it turns out, as may happen, that ten jurors live in the same part of the county, say fifty miles from the county seat. At furthest, three days are sufficient to serve them and make return. He may travel enough additional miles in going to each juror to make the whole distance traveled 120 miles. For this he receives an allowance under our construction, of twelve dollars, besides the serving of venire on each juror. If he were entitled to have a mileage for each man served, as is claimed in this case, the number of miles so claimed, could not be less than 1,000; and then his three days' labor would realize him about $35 per day. We know hardships may arise on either hand; but we find no analogous case in the statutes in which any other officer or person has such extensive rights as are claimed by appellant. On the contrary, the constitution of Oregon and the Legislature, have sought to obtain services in almost every other office at low rates therefor. Were we to give the construction claimed by appellant, the counties of large territory in this state would become hopelessly involved, and such result is manifest in this case.

The jury found that the sheriff actually traveled, in executing the duties specified in items two and three, 511 miles, which, at ordinary rates, would call for an allowance of $51.10, exclusive of the fee for serving. We may fairly presume that those services could have been made within nine days. Under the second part of the verdict, upon the same claims and the number of miles is 5,896, calling for an allowance of $589.60, exclusive of service; in the one case about six dollars per day, and in the other about sixty-six.

The Legislature has left it to some extent uncertain as to the proper construction of sections fourteen and fifteen taken together; but we incline to that view which is most in consonance with equality and right, and with the intention manifested in the economical character of our constitution and laws. If the Legislature had expressly provided for, or made it apparent, that the better construction should have been in favor of the constructive mileage claimed by appellant, we should then have been constrained to hold differently.

Under our construction, we think the court below was correct in its holding the law to be with the defendant, and we affirm this judgment.