Thompson, J.,
delivered the decision of the court. We think the sheriff is entitled to his full poundage on the sum directed to be levied. The case of Alehin v. Wells, 5 Term Rep. 471, so far as it may be regarded as an authority here, is directly in point. The court there decided, that if a sheriff levy under a fi.fa. he is unquestionably entitled to his poundage, though the parties compromise before he sells any of the defendant’s goods. The stat. 29 Elia *261 c. 4, under which *this decision was made, and [*194] our act correspond in every essential part, as to the plaintiff’s right to poundage. Our act regulating sheriffs’ fees says, “ serving an execution for, or under 250 dollars, two cents and four mills per dollar, and for every dollar more than 250 dollars, one cent and two mills.” But in order to guard against the sheriff’s taking poundage for the sum contained in the body of the execution, where the judgment is upon a penalty, (as in the present case,) or where he is not able to find property sufficient to satisfy the execution, the act further declares, “ the poundage on writs offieri facias, and all other writs for levying moneys, to be taken only for the sum levied.” The true construction to be given to the act, I think, is, that where the sheriff proceeds to sell, he is entitled to his poundage only on the sum actually raised. And wherever the plaintiff interposes, and a compromise takes place, he is entitled to poundage on the sum realized by the plaintiff, or that might have been collected from the property levied on. To say that a sheriff should be entitled to no poundage where a compromise takes place, would be manifestly unjust. He may have incurred all the risk and responsibility, for the safe keeping- of the property, and it will then be in the power of the parties to deprive him of compensation for it. It .may be said, there is no risk where the- levy is on land; this may be true; but it is observable, that perhaps in nine tenths of the eases, the money on execution is raised out of personal property, and the act makes no distinction. Suppose on the very day of sale, and before the vendue commences, the defendant should -pay the sheriff the money, would he not be entitled to his poundage ? and I can see no material distinction, whether the money be paid to the plaintiff or the sheriff, in that stage of the business. Cases, no doubt, may be supposed, where the sheriff will receive more than a valuable consideration for his services. But we think much less injustice will be done by adopting the rule we have laid down, than to say the sheriff shall *262 be deprived of all his poundage wherever a compromise takes place.
LmHGSTOtf, J.
I cannot concur in the opinion just given. It is only on the service of a fieri facias [*195] that the *sheriif is entitled to poundage, and as the service is not complete until an actual sale of the property, he cannot until then have any right to this fee. Nor is there any greater hardship in this, than in countermanding a writ against the person before service, in which case the officer loses his fee, although he may have been several times to the defendant’s house to arrest him. Unless the legislature have, by expressions not to be misunderstood, allowed poundage in cases of this kind, we should refuse it, as it will lead to great oppression, and the reward in many cases will be very disproportioned to the service. An angry plaintiff may instantly after judgment issue an execution for no other purpose than exposing the defendant to this expense, although he may have every reason to believe that the latter intended shortly to pay the debt.
This he would be under no temptation of doing, if the defendant, at any time previous to a sale, could protect himself against this charge. But it is thought hard to permit the party to settle after lands have been seized, without paying the sheriff his whole ¡poundage. This supposes the seizing of lands, or taking them in execution, to be a work of immense labor and trouble. The truth is, that lands are often advertised without the sheriff or his deputies ever seeing them, and the trouble of an actual seizure consists only in riding to the lands and proclaiming that he takes them in execution. And yet, for this paltry service, not. equal to that of arresting the person, he may be entitled, on a heavy judgment, to a most enormous reward. If we do not make- tne proceeds on an actual sale,our only guide in estimating poundage, how shall we ascertain the value of the property seized ; or who can say, that on a second *263 sale what value would have been produced ; and if we allow the sheriff poundage here, as a quantum meruit for his trouble, why not give it to him if he seizes land by the plaintiff’s direction, which, as is often the case, appears in the sequel not to belong to the defendant, or to be previously encumbered to its full value.
Having, then, little, if any doubt as to the intention of the legislature, who appear to have expressed themselves 'with great circumspection, not only by restricting the claim of ^poundage to the actual service of an [*196] execution, but by declaring that it shall be taken only for the “ sum levied,” or, in other words, the sum actually made or brought into court, I think the sheriff not entitled to poundage for the lands taken by him on the execution issued in this case. Of the decision in 5 Term Rep. 470, it is sufficient to say, that it is not binding on us, and that the reasoning of the court neither satisfies me of the propriety of the thing, or that we have the power to make a provision for sheriffs different from that prescribed by the legislature. (a)
Judgment for poundage on the sum endorsed.

 A sheriff is entitled to poundage on serving a ea. sa. though the execution be unproductive from the defendant’s subsequent discharge under an insolvent law. Adams v. Hopkins, 5 Johns. Rep. 252.