October 4.

---

### BOLTON *vs.* LAWRENCE.

Where several executions are issued at the same time to different counties upon the same judgment, and satisfaction is made upon one execution, the sheriff of every other county to whom an execution is issued and who has levied upon property sufficient to satisfy the same is entitled to *poundage,* which he may demand from the plaintiff; but he cannot levy it of the property of the defendant.

SHERIFFS' fees on execution.　Two executions on the judgment obtained in this cause were issued, one to New-York, the other to Chenango.　The sheriff of Chenango was directed to levy on and advertise several tracts of land, which he accordingly did.　Previous to the day of sale, the sheriff of Chenango was informed by the plaintiff's attornies that the amount of the judgment had been collected by the sheriff of

October 4.

New-York, on the execution issued to that county, and was told that he (the sheriff of Chenango) was not entitled to poundage, or if entitled, that he could only collect it from the defendant in the execution. The sheriff had his fees on the execution taxed by a commissioner, who allowed him $82,17 as *poundage* on the execution. A motion was made by the plaintiff for retaxation.

*M. T. Reynolds*, for the plaintiff, insisted that the sheriff of Chenango, not having *collected* any part of the judgment, was not entitled to *poundage ;* the language of the *revised statutes* being, that *for collecting,* &c. he shall receive, &c. 2 *R. S.* 645, which is different from the former statute, which gave poundage for *serving* an execution, directing however that it should be taken only for the sum *levied.* 2 *R. L.* 19. Under the former statute, the sheriff might be entitled to poundage after levy, although he did not collect the money; but not so under the revised statutes. If, however, the sheriff is entitled to poundage, he cannot call upon the plaintiff for it, but must proceed and collect it from the property of the defendant. A plaintiff is now expressly authorized by statute to issue executions *at the same time* to sheriffs of *different counties,* 2 *R. S.* 364, § 6, and the fees allowed for the service of an execution *may be collected* by virtue of such execution, in the same manner as the sum therein directed to be levied, 2 *R. S.* 645. If, then, a party may at the same time issue executions to different counties, and if the right to poundage attaches in the sheriff of each county to whom an execution issues and in whose bailiwick the defendant has property sufficient to satisfy the execution, what is to prevent the sheriff from proceeding to collect his fees out of the property of the defendant, and why should a plaintiff be subjected to an absolute loss, when by positive enactment he is entitled to recover not only the costs of his suit, but the fees allowed for services therein. 2 *R. S.* 613, § 4.

*H. Vanderlyn*, contra.

*By the Court,* SUTHERLAND, J. The revised statutes have not altered the law as to the right of sheriffs to poundage in a case like the present. The provision on this subject is substantially the same as it was in the former statutes, and under them it has been uniformly held since *Hildreth* v. *Ellice,* 1 *Caines,* 192, that after a levy of an execution and satisfaction of the judgment, the sheriff is entitled to poundage, although he do not sell the property levied upon. Nor does the statute authorizing plaintiffs to issue executions to different counties at the same time, change the law from what it was before ; a plaintiff always had the right to do so, subject to the peril of paying sheriff's fees upon every execution except that upon which the money was actually collected. The motion for re-taxation is denied. 4 *Wendell,* 479. 6 *id.* 536.