# PRACTICE REPORTS.

## SUPREME COURT.

### George A. Calhoun agt. Mylo Lee.

A *sheriff* cannot be allowed an additional compensation for executing an *attachment* over and above his prescribed fees, unless he is put to trouble or incurs expenses in taking possession of or in preserving the property attached.

Where a sheriff attaches the interest of a defendant in a mining company, and the parties thereupon compromise the claim for a specified sum, the sheriff is entitled to the fees prescribed by the Revised Statutes for his services, as follows: *Fifty cents* for the service of the attachment; *nineteen cents* for a copy of the attachment, and *twelve and a half cents* for returning it. He is not entitled to *poundage*, because he has not attached any property he could sell by virtue of the attachment.

*Before Justice* Balcom *at chambers, Binghamton, March* 29, 1865.

Application for the adjustment of the fees and compensation of the sheriff of the county of New York, for serving an attachment issued by Justice Balcom.

Charles S. Hall, *for plaintiff,*

cited and commented on the following authorities : *Code,* § 243 ; *Hoge* agt. *Page,* 11 *How. Pr. Rep.* 207 ; *Trenor* agt. *Fachin,* 20 *Id.* 405 ; *Alburtis* agt. *Dudley,* 21 *Id.* 456.

O. W. Chapman, *for sheriff,*

cited *Mayhew* agt. *Duncan,* 31 *Barbour,* 87 ; also different sections of the Code and Revised Statutes, and manuscript opinions.

BALCOM, J.   It appears that the attachment issued by me in this cause to the sheriff of the county of New York, was served by attaching the defendant's interest as a stockholder in the Black Hawk Gold Mining Company of the city of New York.   I issued another attachment in the cause to the sheriff of Broome county, and that sheriff attached property that belonged to the defendant, or that the plaintiff alleged belonged to him.   The entire demand of the plaintiff was $3,434.94, but after the above mentioned attachments were served, the plaintiff compromised his demand against the defendant for $2,683.81.

The sheriff of New York county now claims that he should be allowed a compensation as fees or poundage, or otherwise, for serving the attachment issued to him, amounting to the sum of $48.22, and I am asked to adjust the same.   He is entitled to the following fees for serving the attachment, viz.:   Fifty cents for the service (2 *R. S.* 646, § 38; *Code*, § 243); for a copy of the attachment nineteen cents, and for returning the attachment twelve and a half cents (*see same authorities*).   His compensation or fees are prescribed by the Revised Statutes (*see Code*, § 243).   If he had taken possession of any property by virtue of the attachment, he would be entitled to such additional compensation over and above his prescribed fees, for his trouble and expenses, as I should certify to be reasonable (2 *R. S.* 646, § 38).   But he did not take possession of or preserve any property by virtue of the attachment.   All he did was to leave a certified copy of the attachment with an officer of the mining company, and receive a certificate from him showing the defendant's interest in the company (*Code*, §§ 235, 236).   It is not, therefore, within my discretion to allow him a compensation over and above his fees, on the ground that the same would be reasonable.

A sheriff cannot be allowed an additional compensation for executing an attachment, over and above his prescribed fees, unless he is put to trouble, or incurs expenses in

Calhoun agt. Lee.

taking possession of, or in preserving the property attached. For the statute on the subject does not authorise such a compensation for any trouble he may be put to or expense he may incur, in any other manner, in executing an attachment. Where the property attached shall be sold by the sheriff, the statute is that he shall be entitled to the same poundage on the sum collected as if the sale had been made under an execution; also for selling any property so attached, and for advertising such sale, the same allowance as for sales on executions (2 *R. S.* 646).

When a levy is made by a sheriff by virtue of an execution, he is entitled to poundage if the plaintiff settles his judgment and withdraws the execution before a sale (*see Bolton* agt. *Lawrence*, 9 *Wend.* 435). But that principle is not applicable to this case, for the reason that the sheriff of New York county did not attach any property he could sell by virtue of the attachment. The interest of the defendant in the Black Hawk Gold Mining Company, could only be sold after judgment, by virtue of an execution. It is only perishable property and vessels, and shares or interests in vessels that may be sold by the sheriff by virtue of the attachment, before judgment, pursuant to an order of the court (*Code*, §§ 233, 237). And it follows that the sheriff of New York county is not entitled to poundage for anything he did in executing the attachment issued to him in this cause.

I have not deemed it expedient to comment on the conflicting decisions upon the questions I have discussed. All I need say is that they are decisions that were made by single judges at special terms, and I do not feel bound to follow them where my conclusions are not reconcilable with them. In this case the sheriff of New York county will not receive an adequate compensation for the service he rendered. But he must be content, for the reason that there are times when he receives a large compensation for slight services.

My conclusion is that he is only entitled for his services in this cause to the fees specified in the Revised Statutes, which I have mentioned, amounting to the sum of eighty-one and a half cents.