[No. 3,157.]

## HENRY N. MORSE *v.* RODMOND GIBBONS.

Fees of Sheriff on Execution Sale.—If an execution is placed in the Sheriff's hands, and he advertises property for sale, and the judgment debtor pays the full amount of the judgment to the judgment creditor before sale, he cannot deprive the Sheriff of his fees, but is liable to him for the fees allowed in case of a sale.

Appeal from the District Court of the Third Judicial District, Alameda County.

The plaintiff claimed four hundred and seventy-seven dollars and sixty-seven cents in gold coin as his fees in the foreclosure suit mentioned in the opinion. The controversy was submitted upon an agreed statement of facts without action. The Court below gave judgment for plaintiff. The defendant appealed.

The other facts are stated in the opinion.

Cal. Reps. XLIII—48

*Williams & Thornton,* for Appellant.

This claim is based upon the following paragraph in section nine of an Act of the Legislature entitled "An Act to regulate fees of office," etc., approved March 5th, 1870, viz: "For commissions for receiving and paying over money on execution without levy, or when the lands or goods levied on shall not be sold, on the first one thousand dollars, one and one half per cent, and one per cent on all over that sum." (Stats. 1869–70, p. 159.)

This language seems too plain to admit of doubt in its construction. It gives the percentage for receiving and paying over money in one or the other event specified. How, possibly, can the percentage be claimed, when, in fact, the money was neither received nor paid?

In California the plaintiff may send his execution to every county in the State. Suppose he were to do so, and each Sheriff were to advertise some property for sale, and then return the execution under order of plaintiff's counsel, could it be plausibly contended that each Sheriff would be entitled to his commissions? Our statute, framed with a different intent, would bear no such inequitable construction.

*Stephen G. Nye,* for Respondent.

Respondent relies on the Act to regulate fees, approved March 5th, 1870: "For commissions for receiving and paying over money on execution without levy, or where the lands or goods levied on shall not be sold, on the first one thousand dollars one and one half per cent, and one per cent on all over that sum."

The next clause provides for the collection of these fees from the judgment debtor. (Stats. 1869–70, p. 159.)

The compensation therein provided is what is known under the English and New York laws as poundage. (Practice Act, Sec. 222.)

And this compensation attaches the moment any act is done under the execution or order by the Sheriff.

No judicial construction has ever been placed upon this or any kindred Act in this State; but we are not without light from the decisions of other Courts upon statutes of a like nature. (*Hildreth* v. *Ellice*, 1 Caine, 192; *Adams* v. *Hopkins*, 5 Johnson, 253; *Scott* v. *Shaw*, 13 Johnson, 378; *Bolton* v. *Lawrence*, 9 Wendell, 437; *Parsons* v. *Boudoin*, 17 Wendell, 14.)

By the Court, WALLACE, C. J.:

Du Pont had recovered judgment against Gibbons for forty-seven thousand two hundred and sixty-seven dollars, and directing a sale of certain mortgaged premises, which are admitted to have been in value sufficient to satisfy that sum and all costs.

An order of sale had been placed in the hands of Morse, the Sheriff, who had duly advertised the sale of the premises and would have actually sold them had not the sale been repeatedly postponed from time to time by the direction of Du Pont.

During this postponement Gibbons paid the forty-seven thousand two hundred and sixty-seven dollars, not into the hands of the Sheriff, as he might have done, but directly to Du Pont himself, and the latter, having acknowledged satisfaction, ordered the Sheriff to discontinue further proceedings and to return the process in his hands.

Had the payment been made to the Sheriff it is not disputed that he would have been entitled to charge against Gibbons the half commission allowed by statute for receiving and paying over money where no sale of the property has been had. (Stats. 1869–70, p. 159.)

It is said, however, that as the Sheriff did not in fact *receive* nor, of course, *pay over* this money he is not entitled

to the commission. I am of opinion, however, that the payment made to Du Pont under these circumstances must be considered, for this purpose, to have been made to the Sheriff, whose official duty and interest it was to have received it had it been tendered to him. The statute has allowed the judgment debtor to reduce the commissions of the Sheriff by one half should he pay off the judgment before sale actually made, but has not permitted him to deprive the officer of the whole compensation by ignoring him and making such payment directly to the judgment creditor.

This was the construction given by the New York Courts to their statutes allowing fees for *serving an execution*—and as subsequently amended for *collecting* money thereon. (*Bolton* v. *Lawrence*, 9 Wend. 435; *Parsons* v. *Boudoin*, 17 id. 14.)

Indeed any other construction of the Act would practically convert the statutory fees of the officer upon the collection of money into a mere *honorarium*—to be allowed or to be withheld from him at the absolute election of the judgment debtor, who could in every instance relieve himself by making payment of the judgment directly to the judgment creditor.

Judgment affirmed.