Sheldon, J.
When an execution against property, regular upon its face, is placed in the hands of a sheriff with directions to levy, it is his duty to proceed against the property, to reduce it to possession, to protect it and offer the same at public vendue as required by law, and from the proceeds to satisfy the exigency of the writ. For his services in the matter he is allowed a statutory compensation, which is to be paid from the fund, and which is as much a part of the amount he is allowed and required to collect, as the judgment itself. In his proceedings he is acting for the plaintiff and subject to his direction ; regard being had, however, to the rights of the execution debtor, and that he shall not be unnecessarily affected.
The plaintiff may withdraw the execution or authorize delay to be granted, or may compromise or satisfy the judgment, but as to the fees of the sheriff, who is an officer executing the process of the court, he will be protected against an attempt to defraud him of his *388 compensation, in cases of collusion where the plaintiff and his attorney are irresponsible (Jackson v. Anderson, 4 Wend., 474).
The plaintiff, by the act of issuing the execution, claims- to the officer that it is regular, legal, and founded on a legal judgment. If there are any doubts upon those questions, it is for him to solve them, not the sheriff. If the execution is set aside after levy, as irregular, the whole proceeding falls, and the fees of the sheriff are not collectable of the defendant nor to be satisfied out of the levy.
In these cases, the judgments appealed from and upon which the executions were issued, were declared to be erroneous to a certain extent, and were, so far, reversed, but were affirmed for an amount certain. Beyond the sum for which they were affirmed, they were illegal, and erroneous, and the defendant was absolved from all claims and consequences and incidents that had been adjudged or predicated against it by reason of, or founded upon, the illegal or erroneous judgments. The defendants had no part in the issuing of the process or in the proceedings of the sheriff; it was resisting it all and was compelled to appeal to the court of last resort to have it determined that the judgments were erroneous. As soon as that determination was made the judgment of this court, the judgment became modified, and vital only for the amounts which the defendants have offered to pay. Such, in judgment of law, should have been the original judgment of this court, and the executions should have been issued accordingly.
I can see no principle or reason for the claim that the sheriff should be allowed to make his poundage from the defendant upon the whole amount of the judgments. Should he be allowed to collect'from the defendants his fees upon an amount which should never have been awarded to the plaintiffs? If so, a mo *389 ment’s reflection will enable one to see how erroneous the injustice which might be perpetrated by such a proceeding under color of authority against an innocent defendant.
After a levy has been made, the sheriff is entitled to his poundage, whether he collect by vendue or the amount is voluntarily paid by the judgment debtor. The authorities all concur in this, and the construction of the statute of 1871 (1 Laws of 1871, 821, ch. 415) seems to be well settled by the former adjudications upon the analogous statutes (1 Caines, 192; Bolton v. Lawrence, 9 Wend., 435; Parsons v. Bowdoin, 17 Id., 14).
It is unnecessary to consider the claim of the sheriff, if he has any, as against the plaintiffs or their attorney, as they are not involved in this motion, and this court has no power to adjudicate here between them ; he must take such remedy as he is advised he is entitled to, and which will depend upon the responsibility of the parties ; and the return of the execution satisfied, in pursuance of the orders now granted, should not in any manner prejudice his proceedings by motion or action, if he concludes to resort to either.