Andrews, J.
One Tyson recovered judgment in the ■Superior Court of Buffalo, against the Yew York Central and Hudson River Railroad Company, for $4,328, which was .affirmed by the General Term. The judgment was docketed "in Monroe county, and the defendant as attorney for the plaintiff in the judgment, issued an execution thereon to the plaintiff in this action as sheriff of that county, who levied upon property of the judgment debtor, sufficient to satisfy it. The defendant in the judgment then appealed therefrom to this court, where judgment was modified, by reducing it to the sum of $60.20, and, as so modified, was affirmed. The judgment of this court was duly made the judgment of the Superior Court, and the plaintiff, Tyson, served upon the sheriff notice of the amount as to which the judgment was affirmed. This action is brought by the sheriff against the attorney for Tyson, to recover the difference between the amount of fees collected by him from the defendant in the execution, and the amount which he would have collected, if the judgment originally rendered had not been .modified.
The point is taken by the defendant that assuming that the sheriff is entitled to his fees on the whole sum directed to b.e levied by the execution, his remedy is against the plaintiff in the judgment, and that an action cannot be maintained therefor against the defendant, who acted as his known agent and attorney in issuing the execution. This question was *281 decided by the Supreme Court in 1810, in the case of Adams v. Hopkins (5 J. R., 252), in an action brought against an attorney to recover sheriff’s fees for arresting a defendant on a ca. sa., and the court held that the attorney who issued the execution was liable. This decision has been followed in subsequent cases. (Ousterhout v. Day, 9 J. R., 114; Trustees of Watertown v. Cowen, 5 Paige, 510; Camp v. Garr, 6 Wend., 535.)
It may well be doubted whether the rule laid down in Adams v. Hopkins, can be maintained upon principle, or is consistent with the general current of judicial authority elsewhere (Judson v. Gray, 11 N. Y., 408). But it has been for more than sixty years the law of this State. Ho practical injustice results from enforcing it, as attorneys act in view of the liability they incur in issuing executions, and it ought not now to be disturbed.
The principal question is, whether a sheriff is entitled to fees on the whole sum directed to be collected by an execution, and under which he has levied upon property sufficient to satisfy it, in a case where, before the money has been actually collected, the judgment is modified or reversed.
The right of a sheriff to fees, is derived from and depends upon the statute. At common law he could not lawfully receive them. (10 Mod., 139.) For the purpose of inducing diligence on the part of sheriffs in executing process, the statute of 29 Elizabeth, chapter 4, was passed, by which the taking of fees for executing certain process was impliedly permitted. That statute declared that it should not be lawful for any sheriff to take of any person, “ for serving an execution upon the body or property, more or other consideration than is allowed by the statute; that is to say, twelve pence for every twenty shillings, when the sum excéedeth not one hundred pounds; six pence for every twenty shillings over that he should so levy and extend and deliver in execution, or take the body in execution for.” It is sufficiently clear, upon the language of the statute, that the poundage given thereby was in the nature of commissions allowed to the sheriff on *282 the money made upon the execution, or, in case of a ea. sa., on the amount of the debt, when the service of the writ had been completed by taking the body of the defendant. Grose, J., in Woodgate v. Knatchbull (2 Term, 158), referring to the statute, says, that it was the intention of the legislature that the sheriff should be paid in proportion to the sum levied, out of the sum levied, and that the sheriff should only levy what was really due.
The statute did not make the fees allowed to the sheriff a charge against the defendant, and the plaintiff was bound to pay them, and so the law remained until by statute 43 George 3, chapter 46, the sheriff was allowed to levy his poundage, in addition to the debt, of the defendant in the execution. The principle of the statute was to measure the compensation to the sheriff for executing a fi. fa. by the amount collected upon it. If he collected nothing, no compensation was due. This was the general principle, but in Alchin v. Wells (5 Term, 470) it was held that a sheriff, to whom & fi. fa. had been delivered, and who had levied under it, was entitled to his poundage where the parties, after the levy, had compromised the debt. The general equity of this decision is apparent. The sheriff had proceeded under the writ, and taken the property of the defendant, and was prevented from completing its execution, and thereby earning the compensation given by the statute, by the act and interference of the plaintiff. This cas.e, and those falling directly within the same principle, are, we think, the only exceptions to the rule, that the sheriff is not entitled to poundage on a money execution until the money is collected, and that his commissions are to be reckoned on the sum realized on the execution, and not on the amount of the judgment. In Earle v. Plummer (1 Salk., 332) it is said that, if an erroneous writ be delivered to the sheriff, and he execute it, he shall have his fees though the writ be erroneous. Impey, in his work on sheriffs (p. 159), referring to this case, says: “ this means if he deliver the money over to the plaintiff, for the sheriff has done his duty, but otherwise if the execution be set- aside.”
*283 In Bullen v. Ansley (6 Esp., 111), the sheriff had executed the writ, and paid over the money to the plaintiff; and the execution having afterward been set aside as irregular, the plaintiff, who had repaid to the defendant in the execution the money collected, including seventy-eight pounds collected for poundage, brought an action against the sheriff to recover this sum, but Lord Ellenbobough said, “the authority of the writ the sheriff could not question, but was bound to obey. He had, therefore, paid proper obedience to the writ, and the statute had given him certain fees for his, trouble as poundage; he was legally entitled to these fees on account of his levy.” The case of Alchin v. Wells was followed in this State in Hildreth v. Ellice (1 Caines, 192), and it was held that the sheriff was entitled to full poundage on an execution levied on sufficient property to satisfy it, where the judgment had been settled between the parties before a sale. The act regulating sheriff’s fees in force when Hildreth v. Ellice was decided, and which was afterward incorporated into the revised laws of 1813, provided that the sheriff should be allowed “ for serving an execution for or under two hundred and fifty dollars, two cents and four mills per dollar; and for every dollar more than two hundred and fifty, one cent and two mills. The poundage on writs of fieri facias and all other writs for levying moneys to be taken only for the sum levied.” That poundage was only to be taken on the sum realized on the execution is the clear intention of the act. To levy an execution, in a strict sense, includes both the seizure and sale of the property taken upon it. (Bouvier’s Law Die, tit. “ Levy.”) And the direction that the poundage should be taken only for the sum levied, was equivalent to a direction that it should be taken only for the sum collected on the writ. In Adams v. Hopkins (5 J. R., 252) a ca. sa. had been issued to the sheriff who had arrested the defendant thereon, and he was afterward discharged under the imprisoned debtor’s act. The sheriff was allowed poundage on the full amount of the debt, on the ground that serving an execution, when applied to a ca. sa., means the taking of *284 the body in execution. It may be said, also, that the taking of the body in execution is, in judgment of law, a satisfaction of the debt, so long as the imprisonment continues. (Cooper v. Bigalow, 1 Cow., 56; Chapmam, v. Halt, 11 Wend., 41.) In Scott v. Shaw (13 J. R., 378) the sheriff, who had executed a ca. sa. by arresting the defendant, was held to be entitled to poundage, where the defendant was discharged from the arrest by reason of irregularity on the part of the plaintiff in issuing the process without having previously issued an .execution against the defendant’s property.
By the Revised Statutes (2 R. S., 645, § 38) the sheriff is allowed for “ serving an attachment for the payment of money, or an execution for the collection of money, * * * for collecting the sum of two hundred and fifty dollars, or less, two cents and five mills per dollar; and for every dollar collected more than two hundred and fifty, one cent and two and a half mills; ” and it is directed that the fees for the service of an execution shall be collected by virtue of the execution, in the same manner as the sum therein directed to be levied. The general rule, that in executions against property the poundage is due in respect only to the sum collected upon it, is clearly expressed in the language quoted. The statute imposes upon the defendant the burden of paying out of his property the expenses of executing the writ; and if no property can be found, the plaintiff incurs no liability to the sheriff. Serving the execution is not, under the statute, complete until the sale of the property levied upon. If, meanwhile, it should be destroyed by fire or other casualty, the sheriff could not' resort to the plaintiff for his fees.
In Bolton v. Lawrence (9 Wend., 435) it was held that when execution had been issued on the same judgment at the same time to two counties, and the judgment was collected on one of them, the sheriff of the other county, who by direction of the plaintiff had levied upon the property of the defendant in his county was entitled to poundage. In Parsons v. Bowdoin (17 Wend., 14) the sheriff had *285 levied under the execution, and, before a sale, the plaintiff accepted for the debt a note of a third person, and assigned the judgment, and the court, upon the authority, of Hildreth v. Ellice and Bolton v. Lawrence, held that the sheriff was entitled to poundage.
The authorities establish that a sheriff who has completed the service of an execution, is entitled to poundage, although the judgment and process be afterward set aside; and also when he has been prevented from fully executing the writ by the act or interference of the plaintiff. But none of them support the claim made by the sheriff in this action. The execution issued to him was regular, and was authorized by the judgment. The collection of the full amount of the execution was prevented by the action of the court and not by the plaintiff therein; nor was he chargeable with fault in issuing it.
By the statute regulating the fees of sheriffs, poundage is only due in respect to money collected on the execution, and there are no special circumstances in this case which will justify the court in imposing upon the execution creditor a liability for commissions not actually earned, and the earning of which has not been prevented by his act or interference.
The order of the General Term should be affirmed.
All concur.
Order affirmed.