ERON C. VAN KIRK, AS SHERIFF, &c., PLAINTIFF, v. CHARLES H. SEDGWICK AND OTHERS, DEFENDANTS.

*Attorney—liability of, for the fees of a sheriff to whom an execution has been issued.*

The defendants, acting as the attorneys for one Halsey and others, recovered a judgment for $27,976.13, in an action brought against the Pennsylvania & Sodus Bay Railroad, and issued an execution thereon to the plaintiff, the sheriff of Tompkins county, under which he levied upon certain personal property of the railroad, sufficient in amount, with the real estate owned by it, to satisfy the execution. Thereafter, and before the property had been sold, the sheriff received a letter from the plaintiffs in the execution, stating that the difficulty between the railroad and their firm had been satisfactorily settled, and that "the judgment and all of our claims against them have been paid and satisfied in full; so, of course, you will proceed no further in the sale of the R. R. Co. as advertised." In fact the judgment had not been paid, but had been assigned to one Cook, who agreed to pay the sheriff's fees.

Cook having failed to pay the fees, the sheriff brought this action against the defendants, to recover them.

*Held,* that he was entitled to recover.

MOTION by the defendants for a new trial, made on a case with exceptions, ordered to be heard in the first instance at the General Term after a verdict ordered for the plaintiff.

*Merritt King,* for the plaintiff. Where an execution is levied upon property sufficient to satisfy it, and a sale is prevented by the act of the party in whose favor the same is issued, the attorney issuing the writ is liable to the sheriff for his fees thereon. (*Campbell* v. *Cothran,* 56 N. Y., 279, 281; *Craft* v. *Merrill,* 14 Id., 456; *Parsons* v. *Bowdoin,* 17 Wend., 13; *Adams* v. *Hopkins,* 5 Johns., 252; *Bolton* v. *Lawrence,* 9 Wend., 435; *Ousterhout* v. *Day,* 9 Johns., 114; *Hildreth* v. *Ellice,* 1 Caines, 192; *Jackson* v. *Anderson,* 4 Wend., 474; *Benedict* v. *Wright,* 9 N. Y. Weekly Dig., 108.) The only remedy that the plaintiff had was to sue either the defendants or their clients. He had no right to sell the property levied upon to collect his fees. (*Craft* v. *Merrill,* 14 N. Y., 456; *Jackson* v. *Anderson,* 4 Wend., 474; *Bolton* v. *Lawrence,* 9 Id., 435.)

*Kennedy & Tracy*, for the defendants. The defendants ⸱ cannot ⸱⸱ be held liable in this action unless it appears that ⸱ the plaintiff was. . prevented by them from collecting the judgment, ⸱or that the judg- ⸱ ment was paid and satisfied upon April 6, 1874. (*Pixley* v. *Butts*, 2 Cow., 421; *Boswell* v. *Dingley*, 4 Mass., 413; *Parsons* v. ⸱ *Bowdoin*, 17 Wend., 14; *Campbell* v. *Dorsey*, 7 Weekly Dig.,⸱ ⸱ 100; *Campbell* v. *Cothran*, 56 N. Y., 279.)

WESTBROOK, J. :

At the Tompkins Circuit, in October, 1876, a verdict ⸱was ⸱ ordered for the plaintiff for the sum of $585, upon the following facts.

⸱⸱The plaintiff, who had been sheriff of Tompkins county,⸱ brought a suit against the defendants, who were a firm of attorneys and counselors at law, practicing at Syracuse, New York, for fees⸱ alleged to be due to him upon an execution issued and delivered to him, as such sheriff, for collection by the defendants as attorneys, for the plaintiffs therein.

The execution was issued upon a judgment, recovered in the⸱ Supreme Court of this State on December 20, 1873, by⸱ Warren Halsey, Clinton H. Sage and Nelson L. Williams, as plaintiffs, against the Pennsylvania and Sodus Bay Railroad, as defendant, for the sum of $27,976.13 damages and costs, which⸱ sum the plaintiff, as sheriff, by indorsement upon the execution,⸱ was directed to make with interest from said December 20, 1873, besides his fees and poundage. Under this execution the sheriff⸱⸱ made a levy upon considerable personal property of the defendant, and from such personal property, and the real estate owned by⸱it, the judgment and execution were collectible.

The execution was received by the plaintiff on February 11, 1874. A levy thereunder was made February 21,⸱ 1874. There were various postponements of sales to April⸱ 10, 1874, but before such adjourned day, and on April⸱ 6,⸱ 1874, the plaintiff received a letter from the ⸱ plaintiffs⸱ ⸱in the execution, addressed to him as sheriff, and informing him⸱ that " the difficulties between the Penn. & S. B. R. R. Co. and our firm was satisfactorily settled on the 4th inst., and the judg-

ment and all of our claims against them have been paid, and satisfied in full; so of course you will proceed no further in the sale of the R. R. Co. as advertised."

The judgment was not really settled but had been assigned by the plaintiffs to one Albert Cook of Seneca Falls, who had assumed to pay the sheriff's fees thereon.

The plaintiff applied for instructions to the defendants, and also to the attorneys of the assignee, but failed to get any. No sale was made under the execution, and finally this action was brought, with the result which has been mentioned.

It is scarcely worth while to attempt any elaborate discussion of the questions made in this cause. The liability of the defendants, as attorneys, for sheriff's fees, is thus declared in *Campbell* v. *Cothran* (56 N. Y., 279) : " An attorney issuing an execution upon a judgment is liable to the sheriff for his fees thereon. A sheriff's poundage is in the nature of commissions, and upon a money execution he is not entitled thereto until the money is collected, and his commissions are to be measured by the sum then realized, save where, after a levy, he is prevented from fully executing the writ by the act and interference of the party in whose favor it is issued."

The same doctrine is also held in *Parsons* v. *Bowdoin* (17 Wend., 14), in *Adams* v. *Hopkins* (5 Johns., 252), in *Hildreth* v. *Ellice* (1 Caines, 192), and in many others.

In this case, the sheriff was prevented from selling by the express direction of the plaintiffs in the execution, and he had no right to sell for the purpose of collecting his fees (*Jackson* v. *Anderson*, 4 Wend., 474; *Craft* v. *Merrill*, 14 N. Y., 456), and therefore, within the well established rule, the attorneys issuing the execution became liable for the fees. It is true that they did not personally prevent the sale, but their clients did. The services were rendered upon the faith of their process, and of the conduct of their clients, the plaintiff had no control. It was in their power, if their clients were irresponsible, to prevent a settlement between the parties by a proper notice to the defendants in the execution, and if they failed to do so, they, and not the party who performed the services upon their employment, must suffer.

There is some doubt, from the evidence in the cause, whether the judgment was not really paid by the defendants therein. However that may be, the plaintiffs therein, having formally notified the sheriff that it had "been paid and satisfied in full," and that he should proceed no further with the sale under the execution, the execution of the process was stayed. Under such circumstances, the sheriff would not have been justified in any further action upon the execution.

As the sheriff was prevented from making his fees by the plaintiffs in the execution, it follows that he could recover the amount thereof, that the direction of a verdict was right, and that the motion for a new trial must be denied, with costs; and the plaintiff is entitled to judgment on the verdict, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Motion for new trial denied, judgment ordered for plaintiff on verdict, with costs.