### DEXTER, HORTON & CO. v. SAYWARD.

(Circuit Court, D. Washington, N. D.   January 7, 1897.)

1. EXECUTION SALES—CONFIRMATION—VESSEL SOLD IN ADMIRALTY.
    Upon objections to confirmation of a marshal's sale of real and personal property under execution, the defendant opposed confirmation of the sale of a vessel, on the ground that it had already been sold under admiralty process, and the court had no jurisdiction to issue process for its sale in the present suit, while the plaintiff denied that any confirmation of the sale of personal property was necessary, or that the court had jurisdiction to make it. The purchaser at the sale in admiralty was not a party to the proceedings. *Held*, that the court would make no order in respect to the sale of the vessel, but would leave the purchasers to defend such rights as they might have acquired.

2. UNITED STATES MARSHALS—FEES AND PERCENTAGES—EXECUTION SALES.
    In the state of Washington, pursuant to section 3017 of the Code of the state, adopted by Rev. St. § 829, as interpreted by the state courts, a marshal who has sold property under execution to the plaintiff in the case is entitled, in addition to the fees for making the levy, etc., to percentages upon all moneys actually paid into his hands, and returned into court, but not on the full amount of the bid unless so paid, and, by the provision of the appropriation bill and Rev. St. § 837, to double fees and percentages.

Argued and submitted upon objections to confirmation of sale of personal property under execution, and upon a motion to retax the marshal's fees and costs, upon final process.

E. F. Blaine, for plaintiff.
S. M. Shipley, for defendant.
Richard Saxe Jones, for marshal.

HANFORD, District Judge. Upon an execution issued to satisfy the judgment in favor of Dexter, Horton & Co., a banking corpo-

ration, property of the defendant, both real and personal, previously held under writs of attachment, was sold by the marshal, for sums aggregating $38,757.56, a large part of which was sold to the plaintiff, there being no other bidder. In due time, after the marshal's return, the defendant filed objections to confirmation of the sales, on several grounds; but upon the argument all objections were expressly waived, save one specific objection, to confirmation of the sale of the steam tug Favorite, which objection is upon the ground that said steamer was not at the time of the sale the property of the defendant, nor in the custody of the marshal, nor subject to sale under the writ. The facts are that previous to the removal of this cause into this court from the superior court of the state of Washington, in which it was commenced, the sheriff of Kitsap county, by virtue of a writ of attachment in this case, made a levy upon the steamer Favorite and other property; and, before the property held under attachment had been transferred to the custody of the marshal, a libel in rem against said steamer was filed in the United States district court for this district, and, by virtue of the process issued therein, the marshal took said steamer into his custody, and she was afterwards released upon stipulation, according to the practice in admiralty, of which proceedings the parties to this action and the sheriff had full knowledge. Thereafter other proceedings in rem were commenced, and prosecuted in the district court, against the steamer, and she was finally sold under a venditioni exponas, by which sale it is contended the purchaser obtained a clear title to the vessel, clear of all liens.

It is manifestly the purpose of the party making the objection to litigate in summary fashion the questions of title, although the purchaser at the sale under the ven. ex. has not been made a party to this action, nor come within the jurisdiction of this court, so as to be concluded by the judgment of this court, if it shall be adverse to him. The plaintiff, in answer to the objections, says that the vessel was sold as personal property, and immediately delivered into the possession of the purchaser, and that there is no law or rule of practice requiring or authorizing action by the court to confirm a sale of personal property by the marshal under final process. So, I have before me the defendant, on one hand, denying the jurisdiction of the court to issue process for the sale of this vessel; and, on the other hand, the plaintiff, denying the jurisdiction of the court to confirm or refuse confirmation of the sale which the marshal has made. Under these circumstances, it seems clear to me that the court is not called upon to express any opinion as to the validity of either one of the sales of the steamer made by the marshal, as no order made in this proceeding can be effective to settle the disputed questions, or prevent future litigation involving the same questions. Therefore, an order will be entered confirming the marshal's sale of real estate, and the purchasers will be left to defend such rights as they may have acquired to the personal property, without an order of confirmation.

Upon the motion to retax the marshal's fees and costs, the question is raised whether the marshal is entitled to a percentage upon

the whole amount of plaintiff's bid for the property, or only a percentage upon the amount of cash actually paid into his hands by purchasers at the sale, or whether the marshal is entitled to any percentage in cases where property is sold under final process to the judgment creditor. Section 829, Rev. St., allows to the marshal, besides mileage, on any final process,—for making the service, levying on property, advertising and disposing of the same by sale, set-off, or otherwise, according to law, receiving and paying over the money,—the same fees and poundage as are or shall be allowed for similar services to the sheriffs of the states, respectively, in which the service is rendered. This, in effect, adopts the law of this state as the rule on the subject of compensation, to an officer executing final process upon a judgment in an action at law; so that the questions submitted must be decided in accordance with the laws of this state, except as changed or modified by other laws enacted by congress. Section 3017, 1 Hill's Ann. Code, allows the sheriff "percentage on all moneys actually made and paid to the sheriff on execution or order of sale, under $1,000, 2 per centum. Percentage on all sums over $1,000, 1 per centum."

In the case of State v. Prince, 9 Wash. 107, 37 Pac. 291, the supreme court of this state has definitely decided that under section 3017 a sheriff is not entitled to a commission upon the sale where the property is bid in by the plaintiff for the amount of his debt, and no money actually passes through the sheriff's hands. And in that case it was contended that, if percentage as above provided could not be charged, under section 3017, it could be by virtue of section 3027, provides that "each and every officer who shall be called on or required to perform services for which no fees or compensation are provided for in this chapter shall be allowed fees similar and equal to those allowed him for services of the same kind for which allowance is made herein"; and upon this point the opinion of the court is as follows:

"It is contended that it was intended to pay for 'crying the sale'; but, if such were the purpose, it is likely the legislature would have provided a specific sum, for that service is the same whether the property sells for one dollar or sixty thousand dollars. On the other hand, if it is to pay for the responsibility incurred in receiving and returning the money, it is an apt provision, requiring payment in proportion to the risk imposed. If it was so intended, section 3027 would not be applicable, for, the money not having been actually made and paid, no service was rendered to which it could apply. In any event, this section was only intended to operate where there is no provision relating to the subject, and fees are expressly provided for serving executions."

The above decision, declaring the law of this state, must be accepted without question in this court. It is in harmony with that decision, however, to hold that the marshal is entitled to a percentage on the amount of money which he received on account of the sale, and which he has returned into court, in addition to the other fees for making the levy, posting notices, etc., allowed by the Code. Under the provisions of the appropriation bill for the year in which the sale was made, the marshal for this district is allowed the same fees and compensation as the marshal for the districts of Oregon and Idaho; and by section 837, Rev. St., the marshal for

the district of Oregon is allowed to receive double the fees provided by section 829. The intent of this law is to fix the fees and compensation of the marshal at double what would otherwise be coming to him, according to section 829. He is therefore entitled to receive, for executing the final process in this case, mileage at the rate of 12 cents per mile; for making the levy, for copies of the notices, process, etc., necessary to complete service, double the fees allowed by the Code; and percentage on the amount of $1,000 paid to him on account of the sale, and returned into court, at the rate of 4 per cent., and 2 per cent. on the money so paid in over and above the first $1,000; and the allowance for keeper, as heretofore ordered.