[Filed January 5, 1887.]

## WILLIAM T. COLEMAN *v.* WILLIAM G. ROSS, SHERIFF, ETC.

FEES OF SHERIFF—COMMISSION.—Upon a statute fixing the sheriff's commission for "all sums of money actually made on any process and returned to the clerk," where the plaintiff, at an execution sale, bid in the property, and the amount of this bid was credited on the execution, and no money was in fact paid, the sheriff is not entitled to such commission.

SAME.—Nor, in such case, can the sheriff lawfully compel the purchaser to pay over to him the amount of his bid. The whole purpose of the proceeding is accomplished, when the amount of the bid is credited on the execution.

CLATSOP COUNTY.    Plaintiff appeals.    Reversed.

*C. W. Fulton,* for Appellant.

It was evidently contemplated by the framers of the statute that cases would arise where the money, although made, in one sense, would not be " actually made and returned to the clerk," and the present is such a case. The object of the stat-

ute is but to compensate the sheriff for the responsibility of receiving and caring for the money; hence the use of the peculiar phraseology, " actually made and returned." Such has been the construction given to the Ohio statute, the language of which is, simply, " money made on execution." (*Farrin* v. *Creager*, 2 Disney, 464 ; *Vance* v. *Bank of Columbus*, 2 Ohio, 214.) Clearly, it was not the intention that under the circumstances of this case, the purchaser should pay the amount of his bid ; and it follows from the language of the statute that if the sheriff is not required to care for or be responsible for the money, or to " actually return it to the clerk," he is entitled to no commission. (Freeman Ex., § 300 ; *Fowler* v. *Pearce*, 2 English [Ark.] 28 ; S. C. 44 Am. Dec. 526.)

*C. H. Page*, for Respondent.

The sheriff is entitled to his commission whenever he collected the money called for by his writ, or any part thereof, or accomplished for the judgment creditor that which is equivalent to the money in law. Any other construction of Sec. 4, above cited, to our mind would be unreasonable, unjust, and a fraud upon the courts and their officials. (*Flake et al.* v. *State of New York*, 95 N. Y. 461 ; Freeman on Executions, 500, § 300 ; *Baldwin* v. *Shaw*, 35 Vt. 273 ; *Arnold* v. *Dinsmore*, 3 Col. 235 ; *Sweeney* v. *Hawthorn*, 6 Nev. 129; Rorer, Judicial Sales, 310, § 782; *Campbell* v. *Cothran*, 56 N. Y. 279 ; *Morse* v. *Gibbons*, 43 Cal. 377.)

STRAHAN, J.—The only question presented in this case involves the construction of the following language in Section 4, Session Acts, 1885, p. 121, fixing sheriff's fees : " For all sums of money actually made on any process and returned to the clerk, under one thousand dollars, three per centum ; on all sums over one thousand dollars, two per centum." In this case the plaintiff bid in the property, and the amount of his bid was credited on the execution, so that no money was in fact paid except about $74, which included all costs and disbursements in the case except the sheriff's commissions on the

sale.   The question, therefore, is this: Is the amount bid by
the plaintiff at his execution sale a "sum of money *actually
made* on any process and *returned to the clerk?*   If it is, then
the sheriff is entitled to the commission claimed; otherwise he
is not.   It seems to me it must be conceded at the outset that
there was no sum of money *actually made;* nor was there any
sum *returned to the clerk.*   Both of these conditions must ex-
ist before the sheriff is entitled to commission.   In other words,
this court has uniformly adopted the rule of strict construction
as applied to fees and costs and disbursements; and, therefore,
to entitle an officer or a party to fees or to disbursements, he
must bring himself within the terms of the statute authorizing
or requiring its payment.

In construing a similar provision of the fee bill relating to
the clerk's commission, this court, per Lord, C. J., said: "The
facts concede that no money was actually received, kept, or
disbursed by the clerk.   Will the rule of strict construction
applicable to such statutes admit of the argument that there
was a constructive receiving, keeping, and disbursing of this
money, which entitles the clerk to his commissions?"   (*Jack-
son* v. *Siglin,* 10 Or. 93.)

Such, also, is the effect of the language of this court, in
*Crawford* v. *Abraham,* 2 Or. 163, where, in speaking of a
claim for disbursements, it is said: "The claim for disburse-
ments must be for the number of miles *actually* traveled, and
the number of days in *actual* attendance as a *witness only*,"
thus excluding all possibility of constructive charges.

So in *Howe* v. *Douglas Co.,* 3 Or. 488, this court expressly
rejected the theory that a sheriff could receive pay for con-
structive mileage in executing certain papers in behalf of the
county.

In this case the sheriff charged and received his regular
fees for every official act performed by him in executing this
process, such as, for the levy, notices of sale, certificate of sale
and return; and it does seem to me to be an unreasonable
claim for him to demand nearly $400 for commissions, when
there was no money whatever received by him or paid over to

the clerk, and no risk or liability incurred. Of course, if the statute plainly allows it, we have nothing to do with the question as to whether it is reasonable or not; but in cases of doubt it might be very material to consider the consequences of a particular construction. But in this case there can be no doubt of the legislative intent, and that was not to allow commissions unless the money was actually, not figuratively or constructively, received on the process, and then paid over to the clerk. Unless this language is to receive this interpretation, its careful and studied use by the legislature is without meaning and without effect.

Nor do I think a sheriff could lawfully demand or compel the plaintiff to pay over the amount of his bid in money, when he happens to become the purchaser, and when he is entitled to receive it back again at once. (*Fowler* v. *Pearce,* 7 Ark. 28.) In such case the whole purpose of the proceeding is accomplished when the amount of the bid is credited on the execution and a certificate of sale issued, the costs paid and the writ returned to the clerk. This enables the court to confirm the sale, to be followed in due time by the sheriff's deed, for which he is entitled to charge a specified fee.

*Fiedeldey* v. *Diserens*, 26 Ohio St. 312, tends very much to sustain our construction of this statute. It was there said : "The question argued by counsel is, whether the master was entitled to poundage on the $6,000, the purchase money on the property sold. The master was entitled to the same fees allowed to sheriffs in like cases (Code, Sec. 613); and by the statute regulating sheriff's fees (S. & S. 365) he is allowed poundage on all moneys *actually* made and paid to him." It seems to us the common pleas was right, in holding that this sum of $6,000 was not money made and paid within the meaning of the statute."

From the facts of this case, it appears that one Burkett obtained a decree of foreclosure against Fiedeldey for $1,800, due on mortgage, and for a sale of the mortgaged premises; that the defendant in error was appointed special master commissioner in the case. An order of sale was duly issued to

him, and he made return thereon that he had made sale of the mortgaged premises to Joseph Longworth for the sum of $6,-000. The sale was in all respects regular and according to law; but before the sale was confirmed, Fiedeldey paid the amount of the judgment to the plaintiff Burkett. The court thereupon set the sale aside, and ordered Fiedeldey to pay the costs. Among·other items was $70 *poundage* on the $6,000.

So also in *Dawson* v. *Grafflin*, 84 N. C. 100, it is held that a sheriff is entitled to commissions only on moneys actually collected by himself under execution, and not where the same is paid to the plaintiff by the defendant after levy. I am aware there are numerous cases where sheriffs have been allowed commissions or " poundage " after a levy, and even when there was no money paid; but in no case that I have been able to find, have any such allowances been made under a statute containing the guarded language to be found in ours.

I think the judgment should be reversed, and the cause remanded to the court below for further proceedings.

LORD, C. J., concurs.

THAYER, J., expresses no opinion.