PAUL SHARVEY *vs.* CENTRAL VERMILLION IRON Co. *et al.*

Argued May 4, 1894.   Affirmed May 8, 1894.

No. 8782.

**Sheriff's fees on a sale by him on execution.**

> When a sheriff levies an execution and sells the property, the execution creditor being the purchaser, it is a collection of the amount of the bid, within the meaning of 1878 G. S. ch. 70, § 11, allowing sheriffs a percentage for collections on executions.

Appeal by defendants, the Central Vermillion Iron Company, Emil Hartman and Richmond D. Mallett, from an order of the District Court of Ramsey County, *Hascal R. Brill*, J., made November 11, 1893, denying their motion for a new trial.

Albert Sheffer obtained a judgment in the District Court of Ramsey County against the Iron and Land Company of Minnesota (Limited), a corporation, for $760,000 and it was docketed also in St. Louis County.   Sheffer assigned the judgment to the Central Vermillion Iron Company, another corporation, and it caused a writ of execution to be issued thereon and delivered to the plaintiff, Paul Sharvey, Sheriff of St. Louis County.   Under it he levied upon real estate and after due advertizement sold it at public auction to the Central Vermillion Iron Company for $250,000 and gave it his certificate of sale.   In part payment of the sheriff's fees on the execution this corporation gave him its note for $2,000 indorsed by the other defendants dated July 8, 1892, and due in six months. The note was not paid but was protested for non payment and notice given the indorsers.   This action was brought upon the note. Defendants answered that no money was paid on the sale except for disbursements and $500 to the sheriff on his fees; that the note was exacted by the plaintiff before he would deliver the certificate; that the $500 actually paid to him on the sale was more than his lawful fees; that the note was in fact without consideration.   At the trial October 26, 1893, these facts were substantially admitted and the court ordered judgment for the plaintiff for the amount of the note.   Defendants moved for a new trial.   Being denied they appeal.

*W. H. Williams,* for appellant.

The only question in this case is whether the sheriff is authorized to charge a percentage on the bid of the judgment creditor in a sale of land under execution under the circumstances of this case, whether such a bidding in of land by the judgment creditor is a collection by the sheriff within the meaning of 1878 G. S. ch. 70, § 11. The sheriff is not entitled to percentage when he is prevented from making the collection through no fault of the judgment creditor. *Campbell* v. *Cothran,* 56 N. Y. 279; *Peck* v. *City Nat. Bank,* 51 Mich. 353; *Vance* v. *Bank of Columbus,* 2 Ohio, 214; *Coleman* v. *Ross,* 14 Oregon, 349.

The sheriff cannot lawfully demand or compel plaintiff to pay over the amount of his bid in money where he becomes the purchaser and where he is entitled to receive it back again at once. *Nichols* v. *Ketcham,* 19 Johns. 84; *Coleman* v. *Ross,* 14 Oregon, 349; *Fowler* v. *Pearce,* 7 Ark. 28; *Russell* v. *Gibbs,* 5 Cow. 390.

Commission was not allowed at common law. It depends on the statute. The court will be slow to allow it, unless the statute clearly provides for it. The statute especially in all cases of doubt will be construed strictly against the sheriff. *Jackson* v. *Siglin,* 10 Oregon, 93; *Preston* v. *Bacon,* 4 Conn. 471.

The compromise which resulted in the giving of the note in suit will not avail respondent, if the fee charged was illegal in the first place. *Churchill* v. *Perkins,* 5 Mass. 541; *Gilmore* v. *Lewis,* 12 Ohio, 281.


*Billson Congdon & Dickinson,* for respondent.

The fact that our statute authorizes a commission on moneys paid in settlement at any time after levy, evidently including as it does settlements made directly with the creditor, is proof positive that the commission is not under our laws to be regarded as compensation for handling the money.

The learned counsel for the appellants has entered freely upon the perilous attempt to settle the meaning of the statute of one state by citing as authority decisions under the utterly different statutes of other states. All of his cases have arisen under statutes broadly distinguishable from our own.

GILFILLAN, C. J. The corporation defendant owned a judgment against the Iron & Land Company of Minnesota, caused execution thereon to be issued to the county of St. Louis, and delivered it for execution to plaintiff, who was sheriff of that county, and gave him a list of lands of the judgment debtor on which to levy. He levied on the lands in the manner provided by statute, advertised and sold them, said defendant bidding them in, and plaintiff returned the execution with the amount of the bid credited on it.

The question is, was he entitled to receive from said defendant the percentage on the amount bid as upon a "collection on execution," under 1878, G. S. ch. 70, § 11? Was it a collection within the meaning of that statute?

We think it has always been the general understanding of the bar that such is the case.

When an execution creditor bids upon the property levied on, he bids as any one else does, except that, if it be struck off to him, to avoid circuity of action, and as matter of convenience, he is not required to go through the ceremony of paying the money to the sheriff and receiving it back from him. But he is presumed, as any one else would be, to bid the property off at what he deems to be its value; and there is secured to him, by means of the execution and sale, the amount of the bid, less the fees and expenses, by acquiring the title to the property if the sale become absolute, and by actual receipt of the money if there be redemption. Whatever he acquires by the execution and sale is to be deemed a collection, not only as between him and the judgment debtor, but as between him and the sheriff. If this were not so, execution creditors might in many cases profit by defeating the sheriff's just claim to fees. In this case the property was struck off to defendant at $250,000. Suppose a third person had bid that amount, and the defendant had bid $50 more, that being the highest bid, the sheriff would have been obliged to strike off the property to it, and, if he were not entitled to fees because the defendant bid off the property, it would make a very handsome profit by its raise of $50.

There was a collection, within the meaning of the statute.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 864.)