[No. 1370.    Decided June 5, 1894.]

THE STATE OF WASHINGTON, *on the Relation of Susan L. Thompson, Respondent,* v. G. S. PRINCE, *Sheriff of Thurston County, Appellant.*

SHERIFFS—COMMISSIONS UPON EXECUTION SALES.

Under § 3017, Gen. Stat., a sheriff is not entitled to commissions upon the sale of mortgaged premises under decree of foreclosure, where the property is bid in by the plaintiff for the amount of the mortgage debt, and no moneys pass through the sheriff's hands. (DUNBAR, C. J., and ANDERS, J., dissent.)

*Appeal from Superior Court, Thurston County.*

*Milo A. Root,* for appellant.

*Burke, Shepard & Woods,* and *Herbert B. Huntley,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is a proceeding in mandamus, brought by the relator against the sheriff of Thurston county, to compel him to make return to an order of sale under foreclosure of mortgage, without payment to him of commission upon the amount of the bid, the property having been bought in by the plaintiff. The original action is the ordinary one upon a promissory note for $50,000 with interest, and for the foreclosure of a real estate mortgage given to secure it. Susan L. Thompson, the relator in this proceeding, is the plaintiff, and the Cherry Hill Coal Company the defendant. A judgment and decree of foreclosure was rendered in the plaintiff's favor by the superior court of Thurston county, on January 29, 1894, for $59,485, on which an order of sale was issued to the sheriff, who advertised the property for sale in the usual manner. The sale took place April 7th, and the property was bid in by the plaintiff for the amount of her judgment with inter-

est and costs.    The amount of the bid was not paid to the sheriff, but his statutory fees for advertising, posting notices, conducting the sale, etc., amounting to $34 and over, were paid.    The sheriff demanded in addition to these that the plaintiff pay him $632.10 as the statutory percentage upon the amount of the plaintiff's bid, and refused to make return of the order of sale or to give the plaintiff a certificate of sale until this percentage was paid.    The plaintiff demanded that her judgment be applied in payment of her bid, according to a direction contained in the decree and the order of sale, and tendered to the sheriff a receipt for the amount of her judgment, to be filed with the sheriff's return.    She also demanded that the sheriff issue her a certificate of sale, which he refused to do until his commission of $632.10 was paid.    An alternative writ of mandate was then sued out by the plaintiff, requiring the sheriff to make his return to the order of sale and issue a certificate of sale to the plaintiff or show cause why he did not.    A motion was made to quash this writ, and at the hearing the judge below denied the motion and ordered that the writ be made peremptory and absolute.    The appeal is from the order denying the motion to quash and making the writ peremptory.

The provisions of the statute, Laws 1893, p. 423, relating thereto, are as follows:

"Percentage on all moneys actually made and paid to the sheriff on execution or order of sale, under one thousand dollars, two per centum.    Percentage on all sums over one thousand dollars, one per centum."

Appellant contends, however, that if the commission could not be charged under this section, it could be by virtue of § 3027, Gen. Stat., which is as follows:

"Each and every officer who shall be called on or required to perform service for which no fees or compensation are provided for in this chapter shall be allowed fees similar

and equal to those allowed him for services of 'the same kind for which allowance is made herein.''

The above provisions of the 1893 Session Laws are identical with those contained in another section (3017) of the chapter of which § 3027 is a part, and also with those found in § 2086 of the 1881 Code, when the fee system prevailed.

Appellant contends that a service was rendered here by the county's officer for which no fee is provided unless the commission in question can be charged, and as the county pays such officer his salary it is entitled to be reimbursed, and that it is the purpose of the law to reimburse it by fees earned.    It is evident, however, that the case stands upon exactly the same footing as if the fees went to the sheriff, as they did formerly, and that the county is entitled to no greater or different consideration than the sheriff would be.

The question presented is simply one of statutory construction.    It is apparent the commission could not be charged under § 3017, for no money was ''actually made and paid to the sheriff.''    Counsel for appellant contends that the sheriff has a right to compel the actual payment of the money, but we cannot agree with him.    There is no reason why the money should be paid over under such circumstances.    Such a requirement would serve no good purpose, and might be productive of serious harm.    It might not have been an easy matter for the plaintiff to have raised nearly $60,000 to pay over to the sheriff, even though she was entitled to receive it back immediately, and the failure to raise it might have resulted in a sale for a much less sum, to the injury of either the plaintiff or the execution defendant, and perhaps, in a measure, to both of them.    She had this money invested in this property in effect, and it was to satisfy the same that the sale was decreed.    Why should she be compelled to duplicate the amount in money for a mere formality?    Sec. 507, Code

Proc., which provides that "The officer shall strike off the land to the highest bidder, who shall forthwith pay the money bid to the officer," does not cover such a case as this, for it is neither within the reason nor spirit of the rule.    Law is founded on reason, and statutes should be construed to avoid absurd consequences.  What could be more absurd than to require the plaintiff in this case to raise this sum of money and pay it over one moment to receive it back the next?  It would seem like a most unreasonable requirement.    This statute cannot receive a literal construction to include this case in the light of the other sections mentioned, which would conflict therewith.

By the clause aforesaid contained in § 3017, viz., "on all moneys actually made and paid to the sheriff on execution or order of sale," the legislature seems to have recognized that a sheriff might serve executions and execute orders of sale so that the same might be satisfied and performed without actually receiving any money, as in this instance, and meant to exclude all such cases and to prohibit him from charging any commission therefor.    This seems clear under a very ordinary rule of construction.    Words more direct and certain could not well have been used, and to import something else therein than that which is so plainly specified is to say practically that a statute cannot be framed to cover a specific thing named and exclude others not mentioned.

Nor is the meaning at all doubtful as to what service the fee was provided for.    It is for handling the money.    The use of the word "percentage" implies this also.    It is contended that it was intended to pay for "crying the sale," but if such were the purpose it is likely the legislature would have provided a specific sum, for that service is the same whether the property sells for one dollar or sixty thousand.    On the other hand, if it is to pay for the responsibility incurred in receiving and returning the money,

it is an apt provision requiring payment in proportion to the risk imposed. If it was so intended, § 3027 would not be applicable, for the money not having been actually made and paid no service was rendered to which it could apply. In any event this section was only intended to operate where there is no provision relating to the subject, and fees are expressly provided for serving executions.

Being of the opinion that a sheriff has no right to demand the money generally in such cases, we have attached no importance to the provision contained in the decree directing him to receive the plaintiff's bid without the payment thereof. There may be some cases which conflict somewhat with the foregoing conclusions, but we have found none directly in point, and the weight of authority we think clearly sustains them. *Coleman v. Ross*, 14 Or. 349 (12 Pac. 648); *Fiedeldey v. Diserens*, 26 Ohio St. 312; *Dawson v. Grafflin*, 84 N. C. 100; *Gordon v. Maupin*, 10 Mo. 352; *Fowler v. Pearce*, 2 Eng. 28 (44 Am. Dec. 526); *Jacobs v. Turpin*, 83 Ill. 424.

Appellant claims that it was customary to collect commissions in such cases under a like statute when the fees went to the sheriff. The respondent disputes this, and we are not prepared to say that a uniform practice prevailed throughout the territory in relation thereto, even if it should be conceded as of governing force, if it was the universal custom of sheriffs to collect commissions in such cases under the former fee system.

Judgment affirmed.

HOYT and STILES, JJ., concur.

DUNBAR, C. J., and ANDERS, J., dissent.