[No. 1389.   Decided October 12, 1894.]

THE STATE OF WASHINGTON, *on the relation of A. M. Cannon, Trustee, Respondent,* v. F. K. PUGH, *Sheriff, Appellant.*

*Appeal from Superior Court, Spokane County.*

*Fenton & Henley,* for appellant.

*Turner, Graves & McKinstry,* for respondent.

*Per Curiam.*— The question involved in this case is this: Where real property is sold by the sheriff to satisfy an execution in favor of the plaintiff and at such sale is bid in and purchased by the execution creditor, no money in fact being paid into the sheriff's hands except costs, is the sheriff entitled to demand and receive from the execution creditor the same percentage upon the amount bid upon said land which he would be entitled to receive in case the land had been purchased by a third party and the money actually paid into the sheriff's hands? Or, in other words, where the execution creditor buys the land to satisfy his claim and pays the costs only in money, must he pay as part of the costs the percentage demanded in §3017 of the General Statutes?

This case falls squarely within the rule laid down by this court in *State, ex rel. Thompson, v. Prince, ante,* p. 107, and in accordance with that decision the judgment in the case at bar will be affirmed.

────────

[No. 1460.   Decided October 16, 1894.]

JACOB A. FISHER, *Appellant,* v. KATHERINE FISHER, *Respondent.*

*Appeal from Superior Court, Spokane County.*

*McBroom & McBroom,* for appellant.

*Richardson & Gallagher,* for respondent.

*Per Curiam.*— It was brought to the attention of the court upon the calling of this case that no appeal bond whatever had been filed in the case, at least none accompanies the record. This being jurisdictional, of course the appeal must fail. The appeal will, therefore, be dismissed and the judgment below affirmed.