D. H. PEERY, Respondent, *v.* HEBER WRIGHT, Appellant.

### Fees of Sheriff—Commission.

Under a statute fixing the sheriff's commission "for receiving and paying over money on execution or other process, when property has been sold," where the plaintiff, at a sale on

execution, bid in the property, and directed the amount of his bid to be credited on the execution, and no money in fact passed, the sheriff is not entitled to commission.

(No. 715. Decided June 5, 1896. 45 P. R. 46.)

Appeal from the district court, Second district, Weber county. Hon. H. H. Rolapp, *Judge.*

Action by D. H. Peery against Heber Wright, sheriff, to compel him to give to plaintiff a certificate or bill of sale of property sold by the sheriff in satisfaction of judgment. The property purchased passed to plaintiff, and the amount credited on the judgment, it not being sufficient to liquidate the same, and consequently no money passed to the sheriff. From a judgment in favor of the plaintiff defendant appeals. *Affirmed.*

*A. J. Weber,* for appellant.

The supreme court of Washington has decided that under the statute of that state such commissions are not proper charges. *State ex rel. Thompson* v. *Prince,* 37 Wash. 291; *State ex rel. Canover* v. *Pugh,* 38 Pac. 79.

The Washington statute, however, differs from ours, and uses the words "on all moneys actually made and paid."

A case in point and which sustains the position of appellant is *Sharvey* v. *Central Vermillion Iron Co. et al.* (Minn.), 58 N. W. 864.

The execution creditor bids as any one else does.

As the court well says in *Sharvey* v. *Iron Company:* "Whatever he acquires by the execution and sale is to be deemed a collection, not only as between him and the judgment creditor, but as between him and the sheriff.

"If this were not so, execution creditors might, in many cases, profit by defeating the sheriff's just claim to fees.

13 UTAH—31

In this case the property was struck off to the defendant at $250,000.

"Suppose a third person bid that amount and the defendant had bid $50 more, that being the highest bid, the sheriff would have been obliged to strike off the property to it, and, if he were not entitled to fees because the defendant bid off the property, it would make a very handsome profit by its raise of $50. There was a collection within the meaning of the statute."

Was there not a "receiving and paying over money" by the sheriff of Weber county to plaintiff within the meaning of the Utah statute?

*Richards & MacMillan* and *E. E. Pratt,* for respondent.

BARTCH, J.:

This action was brought against the defendant, who is the sheriff of Weber county, Utah, to compel him to make and return an order of sale, and to issue and deliver to the plaintiff a bill of sale of certain property, sold under execution. In addition to the necessary formal matters, the complaint states, as facts, substantially, that the defendant, as sheriff, sold, under execution, certain shares of the capital stock of a Utah corporation; that the stock was bid in by the plaintiff, who was the judgment creditor; that the amount of the bid was not paid to the sheriff in money, but that plaintiff directed the officer to credit the amount thereof on the judgment; that there was a certain sum still due on the judgment as a deficiency; that the plaintiff paid all costs, except $57, which the sheriff claimed as commission on the sale; and that the defendant refused, and still refuses, to issue a certificate or bill of sale for said property, unless he be paid such commissions. To this complaint the defendant interposed a demurrer, on the ground that it does not

state facts sufficient to constitute a cause of action. . .The demurrer was overruled, and, the defendant standing on the same and refusing to answer, the court entered judgment in favor of the plaintiff, and directed a writ of mandate to issue, commanding the defendant, among other things, to issue to the plaintiff a certificate of sale of the property in question. Thereupon the defendant appealed to this court.

The only material question presented is whether the defendant, as sheriff, was entitled to commission on the sale of the property on execution, when no money actually passed. The appellant insists that he is entitled to such commission under section 5443, Comp. Laws Utah 1888, which, so far as material here, provides as follows: "For commissions for receiving and paying over money on execution or other process when property has been sold, on all sums of two hundred dollars or less three per cent. On all sums over two hundred dollars, and under one thousand dollars, two per cent." The statute provides for the payment of commissions on execution "when property has been sold," and money received and paid over by the officer; but there is no provision for commissions when no money changes hands, and such a provision cannot be implied, because the rule of strict construction must control in the interpretation of a statute of this kind. Obviously, the legislature intended the commissions provided for in the statute as compensation to the officer for the risk and responsibility of handling the money, and not for his services in crying the sale. For such services his other fees or compensation must suffice. That the sheriff might be called upon to serve executions, make returns of sale, and issue certificates, without receiving and paying over any money, seems to have been contemplated by the legislature, and such cases intentionally excluded from the provisions of

the statute. The only case on which counsel for the appellant relies for a reversal is that of *Sharvey* v. *Iron Co.*, 58 N. W. 864, which was decided by the supreme court of Minnesota, and it must be conceded that it appears to support his contention, but in the case at bar we are not inclined to follow the ruling of that court. The great weight of authority, under statutes similar to ours, is to the effect that such commissions are not allowable under circumstances like those in this case. *Coleman* v. *Ross*, 14 Or. 349, 12 Pac. 648; *State* v. *Prince*, 9 Wash. 107, 37 Pac. 291; *Fiedeldey* v. *Diserens*, 26 Ohio St. 312; *State* v. *Pugh* (Wash.), 38 Pac. 79; *Vance* v. *Bank*, 2 Ohio 214.

The court below included in its judgment an attorney's fee in favor of the plaintiff. This was not proper under the circumstances disclosed by the record, and the judgment must be, and hereby is, modified so as to exclude and disallow the same. Subject to this modification, the judgment is affirmed.

ZANE, C. J., and MINER, J., concur.