JURGENS, SHERIFF, RESPONDENT, *v.* HAUSER, APPELLANT.

[Submitted February  , 1897. Decided February 8, 1897.]

*Foreclosure Sale—Sheriff's Commission.*

Under section 4634 of the Political Code, a sheriff is entitled to his commission on the purchase price of real estate sold by him under an order of sale in a suit of foreclosure when the mortgagee buys in the premises.

*Appeal from District Court, Lewis and Clarke County. H. N. Blake, Judge.*

ACTION by Henry Jurgens, sheriff of Lewis and Clarke

county, Mont., against Samuel T. Hauser, to recover fees for selling property on foreclosure of a mortgage. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Toole & Wallace*, for Appellant.

*C. B. Nolan*, Attorney General, for Respondent.

Hunt, J.—The defendant Hauser (appellant in this court) foreclosed a mortgage upon real estate belonging to F. R. Wallace, A. M. Thornburgh, and others. An order of sale and execution was duly issued in said case to the plaintiff and respondent, Jurgens, as sheriff. Pursuant to statute, Jurgens, as sheriff, advertised and sold the lands for $77,100, the defendant bidding them in for the satisfaction of the amount of the claim, including costs. No money was delivered to the sheriff's hands, but the sum bid was credited by the sheriff upon the mortgage indebtedness of the defendant. The agreed question for decision is: Was the sheriff entitled to receive commissions of $420.50 upon the amount of $77,100 bid by defendant? Under the statute (§ 4634, Political Code, 1895), the sheriff is entitled to commissions (1) for receiving and paying over money on execution or other process when lands or other property have been levied on and sold, and (2) for receiving and paying over money on process without levy, or when lands or goods levied on are not sold. The commissions allowed him in the latter instance are less than in the former, the legislature evidently having believed that where a sheriff receives and pays over money without being put to the labor and accompanying official risks of levy, or where, if he has made the levy, still he is not obliged to take the further step and risk of selling, in such instances his services are not worth as much as where his duties have compelled him to levy and sell. This discrimination in sheriff's commissions is but a recognition of the extent of his services, and of the gradations in the liabilities which often accrue to a sheriff in the progressive steps of the discharge of his responsible duties under writs of execution, and is an allowance meant to be

commensurate to such services and graduated liabilities.    But
in both instances enumerated by the statute he is entitled to
commissions for receiving and paying over money on process.
This being clear, we have only to decide whether a sheriff does
receive and pay over money on process when he sells mort-
gaged property to the judgment creditor at a foreclosure sale.

The attitudes of an ordinary purchaser at an execution sale,
and of a mortgagee who has obtained a decree of foreclosure
against a mortgagor, and has placed an execution and order of
sale of the premises mortgaged in the sheriff's hands, are
similar in respect to their respective rights to bid at the
sheriff's sale of the mortgaged property.    Either may become
a purchaser thereat, subject always to the statutes defining the
rights of purchasers.    (*Insurance Co.* v. *Cushman*, 108 U. S.
51, 2 Sup. Ct. 236.)    Either, if he purchase, must pay over,
strictly speaking, to the sheriff, if he demand it, the purchase
price and costs, including the sheriff's fees; and the sheriff, in
turn, must receive and pay the amount due on the mortgage,
with costs; and, if there be any surplus, he may be directed
to pay it over to the person entitled thereto, and in the mean-
time to deposit it in court.    The practice of crediting the
amount of the mortgagee's bid, if the mortgagee purchase,
upon the sheriff's return of his execution, is thus spoken of by
Gilfillan, C. J., in *Sharvey* v. *Iron Co.* (Minn.) 58 N. W.
864 :    "When an execution creditor bids upon the property
levied on, he bids as any one else does, except that, if it be
struck off to him, to avoid circuity of action, and as a matter
of convenience, he is not required to go through the ceremony
of paying the money to the sheriff, and receiving it back from
him.    But he is presumed, as any one else would be, to bid
the property off at what he deems to be its value; and there is
secured to him, by means of the execution and sale, the
amount of the bid, less the fees and expenses, by acquiring the
title to the property if the sale become absolute, and by actual
receipt of the money if there be redemption.    Whatever he
acquires by the execution and sale is to be deemed a collection,
not only as between him and the judgment debtor, but as be-

tween him and the sheriff.'' Adapting this reasoning to our statutes, we find that the sheriff performed his whole duty in the premises, and that the judgment creditor has, by the levy and sale, acquired that which, as between him and the mortgagor, is money received and paid over on process, and must be likewise regarded as between the judgment creditor and the sheriff who has made the sale. It would be anomalous if the very statute which so explicitly gives the sheriff his commissions where he collects without a sale, and thus generally without much labor, and but slight risk of liability on his bond, should deprive him of all allowances where he performs considerable service, and does make a sale, thus perhaps incurring liability, simply because the mortgagee has voluntarily bid in the property included in the mortgage, and so accepted the realty in lieu of the money. Such a construction is less reasonable, we think, than that which regards the sale by the sheriff as upon a like footing, whether made to the mortgagee or to any other purchaser. We therefore dissent from the recent decisions in *Peery* v. *Wright* (Utah) 45 Pac. 46, and other cases cited by appellant, and adopt the opposite conclusion sustained by authorities, and thus expressed by the supreme court of Tennessee : ''The sheriff did all he was commanded to do by law. He could not do more under his process. Every duty and responsibility enjoined by it were assumed and faithfully discharged; and we think, by a fair and just interpretation of the statute, he is entitled to compensation for his services.'' (*Arnold* v. *Dinsmore*, 3 Cold. 235. See, also, *Morse* v. *Gibbons*, 43 Cal. 377; *Litchfield* v. *Ashford* (Iowa) 30 N. W. 649.) The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and BUCK, J., concur.