[No. 7293. Decided April 28, 1909.]

### ALFRED I. FILION, *Appellant*, v. JAMES STEWART, *Respondent.*[1]

PRINCIPAL AND AGENT—LIABILITY OF AGENT TO PRINCIPAL—CONTROL OF ATTORNEY—ATTORNEY AND CLIENT. One acting as agent for a mortgagee in employing an attorney to foreclose a chattel mortgage cannot, after completion of the foreclosure, direct that the attorney withhold the sheriff's bill of sale from the mortgagee after she had bid in the property and paid the attorney his fees; since the mortgagee was the real client and entitled to the bill of sale.

Appeal from a judgment of the superior court for Clallam county, Still, J., entered January 25, 1908, dismissing an action for an injunction, after a trial on the merits before the court without a jury. Affirmed.

[1]Reported in 101 Pac. 370.

*Trumbull & Trumbull*, for appellant.

*A. W. Buddress*, for respondent.

MOUNT, J.—The appellant brought this action to restrain the respondent from delivering to one Amelia George a bill of sale of certain personal property. On a trial the lower court dismissed the action, and the plaintiff appeals.

The facts are these: Amelia George held a chattel mortgage against certain personal property. The appellant was appointed her agent or "trustee," for the purpose of foreclosing this mortgage, and the mortgage was assigned to him for that purpose. James Stewart, an attorney at law, was employed to foreclose the mortgage by notice and sale under the statute. There is some dispute as to who employed Mr. Stewart, the appellant testifying that he employed him, while Mr. Stewart testified that he was employed by Mrs. George through her husband. But that fact becomes immaterial, because it is conceded that appellant was acting merely as trustee for Mrs. George, and had no personal interest in the foreclosure; and therefore, even if Mr. Stewart was employed by Mr. Filion, the employment was for the benefit of Mrs. George.

In pursuance of his employment, Mr. Stewart prepared the necessary papers and directed the sale of the property by the sheriff of Clallam county, where the property was located. At the sale the property was bid in by Mrs. George for $1,501, being much less than the amount due her on the mortgage. The property was delivered to her, but she paid no money to the sheriff. He refused to deliver to her a bill of sale until he received the money bid; but upon an order from Mr. Stewart, the sheriff executed a bill of sale to Mrs. George, which bill of sale was delivered to Mr. Stewart. Thereupon Mr. Filion paid Mr. Stewart for his services as attorney in the case, and discharged him, and at the same time demanded the possession of the bill of sale. Mr. Stewart refused to deliver the bill of sale to Mr. Filion, and insisted

that the same should be delivered to Mrs. George. This action was then brought by Mr. Filion to restrain Mr. Stewart from delivering the bill of sale to Mrs. George.

The appellant argues that, as soon as the respondent was discharged as an attorney, it was his duty to turn over all papers in his possession to his client, and this is true, as a rule. But in this case it is conceded that the appellant had no personal interest in the bill of sale, or in the property, or in the mortgage foreclosure. He was a mere agent or trustee for Mrs. George, who was really the interested client and was clearly entitled to the bill of sale without the payment of any money to the sheriff, because the amount of her bid was less than the amount due her. *State ex rel. Thompson v. Prince*, 9 Wash. 107, 37 Pac. 291; *Soderberg v. King County*, 15 Wash. 194, 45 Pac. 785, 55 Am. St. 878, 33 L. R. A. 670. Clearly, her agent, without any interest whatever, was not authorized to withhold from her the bill of sale, or any other right.

Appellant argues that the interest of Mrs. George in the mortgage was subject to a claim of some $700 due the Citizens National Bank. If that question can be litigated in this case, the evidence clearly shows that Mrs. George had paid this claim before the mortgage foreclosure.

After reading the record, we are satisfied that there is no merit in the case. The judgment is therefore affirmed.

RUDKIN, C. J., DUNBAR, CROW, and FULLERTON, JJ., concur.

GOSE, CHADWICK, MORRIS, and PARKER, JJ., took no part.