[No. 2072]

### JOHN L. ROBERTS, APPELLANT, v. W. A. INGALLS, SHERIFF OF ESMERALDA COUNTY, RESPONDENT.

1. SHERIFFS AND CONSTABLES—FEES UPON EXECUTION—RIGHT TO FEE.

Under Comp. Laws, sec. 2472, fixing the sheriff's commission for receiving and paying over money on execution where lands or personal property have been sold at three-fourths of 1 per cent, on all sums over $1,500, and allowing only one-half per cent for receiving and paying over money on execution without levy, a sheriff who sells land under execution is entitled to his commission, even if it is bought in by the judgment creditor for the amount of the judgment.

2. SHERIFFS AND CONSTABLES — FEES — EXECUTION FEES — PERSONS LIABLE.

Although Comp. Laws, sec. 2472, fixing the fees of sheriffs, provides that the fees shall be collected from the defendant by virtue of the execution, the sheriff is not required to look to the judgment debtor personally, but rather to property held under execution, and so can make the payment of his fees a condition precedent to the execution of a certificate of sale, even though the property is bought in by the judgment creditor for the amount of the judgment.

3. EXECUTION—REDEMPTIONS—CHARGES.

Where property sold at execution was bought in by the judgment creditor, the amount of the sheriff's fees which had to be paid by the creditor, together with the amount of the judgment, becomes a charge against the redemptioner.

APPEAL from the Seventh Judicial District Court, Esmeralda County; *Peter J. Somers,* Judge.

Petition by John L. Roberts for writ of *mandamus* against W. A. Ingalls, Sheriff. From a judgment sustaining a demurrer to the petition, plaintiff appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Milton M. Detch,* for Appellant.

*M. A. Diskin,* for Respondent.

By the Court, McCARRAN, J.:

In this case the plaintiff secured a judgment in the district court of the Seventh judicial district against the Nevada Exploration Company, for the sum of $36,488.81, and after the entry and filing of said judgment an alias execution was issued out of that court and delivered to the defendant, W. A. Ingalls, sheriff of said county, with instructions from plaintiff herein to execute the same by levying upon and selling certain real estate, the property of the said Nevada Exploration Company.

1. As appears from the record all the preliminary steps, as prescribed by statute, were by the said sheriff performed, and pursuant to notice, duly given and published, the property of said Nevada Exploration Company was by the sheriff offered for sale in front of the courthouse of the county of Esmeralda. At this sale the judgment creditor, appellant herein, bid for the property the sum of $36,488.81, the same being the highest and best bid offered at said sale. Pursuant to said bid, on the part of the appellant, the property levied upon was struck off to appellant and the amount credited upon the judgment. Subsequent to said sale appellant made demand upon the sheriff for the certificate of sale to the said property. The respondent refused to deliver said certificate of sale until the appellant paid to him the sum of $72.40 for advertising, levy of execution, posting of notice on said property, and for selling and offering for sale the property, and the sum of $292.42, commission for selling the said property.

Appellant applied to the district court of the Seventh judicial district for a writ of *mandamus* to compel said respondent, as sheriff of Esmeralda County, to deliver the certificate of sale. To the petition for a writ of *mandamus* the respondent demurred upon the ground that the facts stated in said petition were not sufficient to warrant the issuance of a writ of mandate against the defendant, and, the matter being submitted to the court, judgment was entered sustaining the demurrer of defendant, and from said judgment appeal is taken to this court.

The statute applicable in this case and pertinent to the subject-matter (Cutting's Compilation, sec. 2472) is as follows: "* * * For commission for receiving and paying over money on execution or process, where lands or personal property have been levied on, advertised and sold, on the first five hundred dollars, three per cent; not exceeding one thousand dollars, but over five hundred, one and one-half per cent; and on all sums over fifteen hundred dollars, three-fourths of one per cent; for commissions for receiving and paying over money on execution without levy, or when the lands or goods levied on shall not be sold, one-half of one per cent. The fees herein allowed for the levy of an execution, for advertising and for making and collecting money on execution, shall be collected from the defendant by virtue of such execution, in the same manner as the same may therein be directed to be made."

Statutes similar in verbiage to ours have been construed by many of the courts of last resort, and counsel for the appellant rely upon the case of *Peery* v. *Wright,* decided by the Supreme Court of Utah, 13 Utah, 480, 45 Pac. 46, wherein the court, in construing a statute identical to ours, followed the rule laid down in the cases of *Coleman* v. *Ross,* 14 Or. 349, 12 Pac. 648; *State* v. *Prince,* 9 Wash. 107, 37 Pac. 291, and *State* v. *Pugh,* 9 Wash. 694, 38 Pac. 79.

In the case of *Peery* v. *Wright, supra,* the court said: "Obviously, the legislature intended the commissions provided for in the statute as compensation to the officer for the risk and responsibility of handling the money,

and not for his services in crying the sale." In that case the court decided that where the plaintiff, at a sale of execution, bid in the property and directed the amount of his bid to be credited on the execution and no money in fact passed, the sheriff was not entitled to commission.

In view of the fact that the opinion in the Peery-Wright case, *supra,* followed the reasoning of the cases of *Coleman* v. *Ross,* 14 Or. 349, 12 Pac. 648, and *State* v. *Prince,* 9 Wash. 107, 37 Pac. 291, and those opinions having been rendered upon a statute containing a different provision to that of ours, we do not deem it advisable to follow the rule laid down in that case.

In the cases of *Coleman* v. *Ross, supra, State* v. *Prince, supra,* and *State* v. *Pugh, supra,* the courts of the respective jurisdictions were construing a statute, the language and meaning of which were different to ours.

The statute of Oregon, construed in the Coleman-Ross case, *supra,* reads as follows: "* * * For all sums of money actually made on any process and returned to the clerk. * * *" (Session Laws of Oregon 1885, p. 121.)

The statute of Washington, construed in the cases of *State* v. *Prince,* and *State* v. *Pugh,* reads as follows: "* * · * Percentage on all moneys actually made and paid to the sheriff on execution or order of sale. * * *" (Session Laws of Washington 1893, p. 423.)

It will be observed that the statute of Nevada in this respect is couched in the following words: "* * * For commission for receiving and paying over money on execution. * * *" (Cutting's Complied Laws, sec. 2472.)

In a very early case decided by the Supreme Court of New York (*Hildreth* v. *Ellice,* 1 Caines, 192) construing an act regulating sheriff's fees for serving an execution, the court stated, in substance, that where the sheriff proceeds to sell, he is entitled to his poundage only on the sum actually raised. And whenever the plaintiff interposes, and a compromise takes place, he is entitled to poundage on the sum realized by the plaintiff, or that might have been collected from the property levied on. In that case the court said: "To say that a sheriff should

be entitled to no poundage where a compromise takes place would be manifestly unjust. He may have incurred all the risk and responsibility for the safe-keeping of the property, and it will then be in the power of the parties to deprive him of compensation for it. It may be said there is no risk where the levy is on land; that may be true, but it is observable that perhaps in nine-tenths of the cases, the money on executions is raised out of personal property, and the act makes no distinction. Suppose on the very day of sale, and before the vendue commences, the defendant should pay the sheriff the money, would he not be entitled to his poundage? And I can see no material distinction whether the money be paid to the plaintiff or the sheriff in that stage of the business."

The case of *Hildreth* v. *Ellice, supra,* followed the reasoning in the case of *Alchin* v. *Wells,* 5 Term Rep. 471, where a construction was placed upon an English statute (St. 29 Eliz. c. 4) prescribing the sheriffs' fees for poundage. This earlier case construed the statute above cited on the theory that the fees paid to a sheriff were to compensate him for the responsibility incurred by him in his act in taking and safe-keeping the property.

In a case very analogous to the one at bar the Supreme Court of Tennessee, passing upon a statute somewhat similar to that of ours, said: "No provision is expressly made by the statute for his (the sheriff's) compensation, where the land seized is sold at public sale, and bid in by the execution creditor. The execution in this case was satisfied by the sale, and the duty imposed by law upon the sheriff discharged, and it would be anomalous, indeed, if no compensation could be allowed him for his performance. No 'money,' in 'the language of the statute, was collected; but the land sold was voluntarily accepted by the creditor in lieu of the money, and thereby, under our practice, the execution satisfied. The sheriff did all he was commanded to do by law. He could not do more under his process. Every duty and responsibility enjoined by it were assumed and faithfully

discharged; and we think, by a fair and just interpretation of the statute, he is entitled to compensation for his services. The execution creditor was not bound to bid in the land. He did it at his own option, and, it is to be presumed, for his own interest. Strictly, the sheriff might have demanded of him, as of any other purchaser, the payment of his bid, at which the land was struck off, and returned it with the *fieri facias,* into court, when it would have been paid over by the clerk to the judgment creditor. But such has not been our practice, and we have no disposition to disturb it. It has been sanctioned by long usage, and it is doubtlessly often convenient and highly beneficial to both parties." (*Arnold* v. *Dinsmore,* 3 Cold. 235.)

It will be observed that the statute governing sheriff's fees (section 2472, Cutting's Compiled Laws) makes an especial provision for a much less fee to be paid to the sheriff for commission "for receiving and paying over money on execution without levy, or when the land or goods levied shall not be sold." In the case at bar if a compromise or settlement had been effected and no levy had been made by the sheriff, and no sale had been carried out by him, he would have been entitled to a much less fee as prescribed by statute; it being therein stated that under such conditions the sheriff is entitled to only one-half of one per cent. The meaning and intention of the statute applicable to sheriff's fees, and the reason for making fees in such cases, may well be traced back to that purpose construed in the ancient statutes, wherein the question of the risk and responsibility for the poundage and safe-keeping of the property was the paramount thought, and it was the evident intendment of the statute to make a fee payable to the sheriff commensurate with his risk and obligation in a case where, upon levy duly made, he carried out and sold the property levied upon; but, on the other hand, in a case where the sheriff was relieved of the risk and responsibility of levy and sale by a compromise or settlement prior thereto, a much

less fee was allowed, but one that would compensate him for the minor services performed. In other words, the discrimination in the fees paid to the sheriff is a recognition of the extent of his services, and is commensurate to the liability incurred by him in carrying out the several steps necessary to the completion of the levy and sale.

It will be observed from the terms of the statute that the sheriff is allowed fees for receiving and paying over money on execution or process, where he conducts the sale of property levied upon, and he is also allowed commission for receiving and paying over money on execution where no levy is made by him, and where no sale is conducted. In both instances enumerated by the code he is entitled to commission for receiving and paying over money on execution.

There is no provision made in the statute (Cutting's Compilation) for a different commission, or for a modification or elimination of commissions in a case where, upon sale conducted by the sheriff upon execution and levy, the property is struck off to the judgment creditor. Under the strict interpretation of the statute the purchaser at such a sale must pay over to the sheriff on demand the purchase price. There is no provision made whereby the judgment creditor bidding in the property, and having the same struck off to him by reason of the fact that his bid is the highest and best, stands in any different position from any other purchaser under like conditions.

In the case of *Sweeney* v. *Hawthorne*, 6 Nev. 129, this court, speaking through Lewis, C. J., said: "But counsel argue that where, as here, the judgment creditor is the purchaser, no money need be paid, the bid itself authorizing the officer to return the execution satisfied. This, however, may not always be so, for that officer himself often has a claim upon a portion, if not all of the sum bid, for his fees. When he has such claim, can it be said that he cannot demand the payment of money, at least to the extent of his costs? Certainly not; and it is not

unfrequently the case that the costs are equal to the sum
bid.  Cannot he in such case demand the entire sum,
and, if refused, proceed to resell?  It is clear he may."

From this it will be seen that this court has long since
construed that a judgment creditor, making the success-
ful bid at an execution sale, stands in the same position
as that of any other purchaser.  It is true that it has
been almost a universal practice, not only in this state,
but in others, that if the property be struck off to the
judgment creditor in order to avoid circuity of action, he
is not required to go through the ceremony of paying the
money to the sheriff and receiving it back from the clerk.
However universal this practice may be, the judgment
creditor in such a case, occupying as he does the same
position as any other purchaser, is presumed to be a bid-
der and purchaser in good faith, and the amount that he
liquidates by reason of his purchase under execution and
sale is in fact the amount received by the sheriff by
reason of said sale, although the money may not actually
change hands.  The judgment creditor has by the levy
and sale acquired the thing which, as between him and
the judgment debtor, is money received and paid over on
process, and it must be likewise regarded as between the
judgment creditor and the sheriff who made the sale.  In
our judgment, his fee is a claim against the sum bid, and
attaches thereto as soon as the property is struck off to
the purchaser.

In the case of *Jurgens* v. *Hauser*, 19 Mont. 184, 47 Pac.
809, the Supreme Court of Montana, in construing a stat-
ute identical with that of ours, speaking upon this phase
of the subject, said: "It would be anomalous if the very
statute which so explicitly gives the sheriff his commis-
sions where he collects without a sale, and thus generally
without much labor, and but slight risk of liability on his
bond, should deprive him of all allowances where he per-
forms considerable service, and does make a sale, thus
perhaps incurring liability, simply because the mortgagee
has voluntarily bid in the property included in the mort-
gage, and so accepted the realty in lieu of the money.

Such a construction is less reasonable, we think, than that which regards the sale by the sheriff as upon a like footing, whether made to the mortgagee or to any other purchaser."

Our statute applicable in this case is to be distinguished from that of either Oregon or Washington, in that the provisions of the statutes in those states provide for fees on money actually made, whereas our statute provides for commission for receiving and paying over money, and we think the construction as placed upon a similar statute to that of ours by the Supreme Court of the State of Montana, in the Jurgens case, *supra*, is the more reasonable construction. This reasoning is also announced by the Supreme Court of Minnesota, in the case of *Sharvey* v. *Central Iron Co.*, 57 Minn. 216, 58 N. W. 864, and also by the Supreme Court of Iowa in the case of *Litchfield* v. *Ashford*, 70 Iowa, 393, 30 N. W. 649, in which that court, in construing a statute very similar to ours, applicable to the question of sheriffs' fees, asserted that the sheriff was entitled to a percentage under the statute upon the amount of an execution sale of real estate, where the judgment plaintiff is the purchaser and the amount of the bid is not paid to the sheriff, but credited on the judgment.

**2, 3.** Counsel for appellant in this case contend that the statute under which respondent attempts to collect his commission especially provides that the commission shall be collected from the judgment debtor. It is our opinion that the phase of the statute referred to by counsel for appellant in this respect, which states that the fees allowed for the levy of an execution, etc., shall be collected from the defendant, by virtue of such execution, does not contemplate the sheriff shall look to the judgment debtor for his fees in the premises, but rather to that property of the judgment debtor held by the sheriff under execution or process. When the judgment creditor places himself in the position of a purchaser at the sheriff's sale, and by reason of his bid has the property struck off to him, he stands betweeen the judgment

debtor and the sheriff in so far as the fees provided for are concerned, and, having taken over the property by acquiring the title thereto, if the sale becomes absolute, there is secured to him, by means of the execution and sale, the amount of the bid less the fees and expenses provided for. If there be a redemption of the property thereafter the amount of the judgment, together with the fees accrued and paid out by the judgment creditor, becomes a charge against the redemptioner. (*Sharvey* v. *Central Iron Co.*, 57 Minn. 216, 58 N. W. 864; *Jurgens* v. *Hauser*, 19 Mont. 184, 47 Pac. 809.)

From the foregoing reasoning, it follows that the judgment of the lower court in sustaining the demurrer to appellant's petition for a writ of *mandamus* should be affirmed.

It is so ordered.