## SMITH v. CARBON COUNTY.

No. 5812.    Decided December 30, 1936.    (63 P. [2d] 259.)

*H. A. Smith,* of Salt Lake City, for appellant.

*Marl D. Gibson,* of Price, and *Henry D. Moyle,* of Salt Lake City, for respondent.

ELIAS HANSEN, Chief Justice.

This appeal is prosecuted by the plaintiff from a judgment dismissing his action against defendant. The action was dismissed after defendant's general demurrer to plaintiff's complaint had been sustained, and plaintiff refused to further plead. It is in substance alleged in the complaint which is here brought in question that on December 27, 1934, the executors of the last will and testament of Frank F. Fisk caused to be prepared an inventory and appraisement of decedent's estate showing that the same was appraised at the sum of $678,213.17; that on that date the executors presented such inventory and appraisement to the county clerk of Carbon county, Utah, and tendered to him the sum

of $10 and requested that he file the inventory and appraisement; that the county clerk refused to file the same unless the sum of $1,331 be paid, that being the schedule of fees prescribed by R. S. Utah 1933, 28-2-2; that the executors being unable to continue the administration of the estate without filing the inventory and appraisement therein, paid to the county clerk the amount demanded; that of the amount so paid $1,321 thereof was paid under written protest; that a verified claim for the repayment of the $1,321 has been presented to the county commissioners of Carbon county, Utah; that they have disallowed the same upon the ground that the amount collected is the statutory fee fixed by R. S. Utah 1933, 28-2-2; that the claim for $1,321 has been assigned to plaintiff who is now the owner and holder thereof. The other allegations of the complaint need not concern us on this appeal, because the only question which divides the parties to this litigation is whether or not the Legislature within constitutional limitations was authorized to fix fees in the amounts prescribed by R. S. Utah 1933, 28-2-2.

Plaintiff contends that such provisions of the act as required payment of a fee for filing an inventory and appraisement in an estate in excess of $10 offends against article 13, sections 2, 3, and 5, and article 1, section 24, of the Constitution of Utah. The defendant contends to the contrary. That is the sole question presented for determination on this appeal.

The provisions of our State Constitution which are here relied upon by plaintiff read as follows:

Article 13, § 2: "All tangible property in the State * * * shall be taxed in proportion to its value, to be ascertained as provided by law."

Article 13, § 3: "The Legislature shall provide by law a uniform and equal rate of assessment and taxation on all tangible property in the State, according to its value in money, and shall prescribe by law such regulations as shall secure a just valuation for taxation of such property, so that every person and corporation shall pay a tax in proportion to the value of his, her, or its tangible property."

Article 13, § 5: "The Legislature shall not impose taxes for the purpose of any county, city, town or other municipal corporation, but may, by law, vest in the corporate authorities thereof, respectively, the power to assess and collect taxes for all purposes of such corporation."

Article 1, § 24: "All laws of a general nature shall have uniform operation."

The statutory provisions assailed by plaintiff on constitutional grounds read thus:

"For services performed in their respective offices, the officers named in this chapter shall collect in advance for the use and benefit of the county the fees hereinafter enumerated, and such other fees as may be provided by law." R. S. Utah 1933, 28-2-1.

"The county clerk shall receive the following fees: * * *

"For services in probate and guardianship proceedings up to and including the final settlement of the matter, except as herein otherwise provided, as follows:

"Where the value of the estate does not exceed $2,500, $10.

"Where the value of the estate exceeds $2,500 and does not exceed $5,000, $20.

"Where the value of the estate exceeds $5,000 and does not exceed $10,000, $35.

"Where the value of the estate exceeds $10,000 and does not exceed $20,000, $50.

"Where the value of the estate exceeds $20,000 and does not exceed $50,000, $75; and in cases where the value of the estate exceeds $50,000, $2 additional fee for each additional $1,000 value.

"The valuation herein mentioned shall be ascertained from the inventory filed, and the fees herein provided shall be collected at the time of filing such inventory." R. S. Utah 1933, 28-2-2.

The first question which presents itself for determination is: Do the various amounts enumerated in the foregoing schedule in excess of $10 constitute a fee or a tax? The mere fact that the Legislature has characterized them as fees is not controlling if the burden sought ■ to be imposed on estates is devoid of the essential characteristics of a fee. The adjudicated cases define the fee of an officer as "reward or compensation allowed by law to an officer for specific services performed by him in

the discharge of his official duties." 25 C. J. 1009, and cases cited in the footnote. If the amount required to be paid upon the filing of an inventory and appraisement to the county clerk may reasonably be said to be in payment for services rendered in probate proceedings, the objections to the act based upon article 13, sections 2, 3, and 5 of our State Constitution must fail. *Best Foods, Inc.*, v. *Christensen*, 75 Utah 392, 285 P. 1001. The converse is equally true; that is to say, if the amount required to be paid in a given case for filing an inventory and appraisement does not bear some reasonable relation to the extent and kind of services required to be performed, the money so required to be paid, no matter how it is characterized by the Legislature, may not be said to be a fee. Defendant does not contend to the contrary. It does contend that the services required from a clerk and judge in probate proceedings are, in the main, in proportion to the appraised value of the estate, that the more valuable the estate the greater the time required of the clerk and judge in the probate thereof. Defendant also contends that the responsibility of the judge and the clerk increases in proportion as the value of the estate being probated increases. Because of such facts, so it is urged by defendant, the different amounts required to be paid for filing an inventory and appraisement may properly be held to be fees. If the premise assumed by defendant as the basis for its argument is in fact true, there would be merit to its contention. Experience, however, teaches us that the amount of service required in a probate proceeding of the clerk and judge do not depend upon the appraised value of the estate being probated, but rather upon such matters as the number of heirs, legatees, or devisees, the number of creditors, the character of the property being probated, number of sales of property sought in the probate proceedings, etc. Nor are we impressed with the argument that the extent of responsibility assumed by the clerk and judge becomes greater as the value of the estate is increased. Neither the judge nor the clerk is charged with the actual management, custody,

or control of the property of the estate. Those duties are performed by the administrator or executor. The clerk's duties are confined to filing and preserving the papers filed, giving the required notices, etc. The duty and responsibility is the same whether the estate be of great or little value. Nor may it be said that the responsibility of the judge to perform his duties, as by law provided, is enhanced because, in a given matter, the estate in which he is acting is of great value. The judge and clerk are each paid a fixed salary. The amount of such salary is not dependent on the size of the estate probated in the court in which they are officers. The arguments here made in support of the view that provisions such as those here brought in question may be sustained as fees have been before the courts of a number of jurisdictions. The cases to which our attention has been called are uniform in holding that statutory provisions fixing, in probate proceedings, a schedule of fees increasing as the appraised value of the estate increases, have held that such fees in excess of the minimum provided for, are in contemplation of law, not fees, but taxes. Among the cases so holding are: *Berryman* v. *Bowers*, 31 Ariz. 56, 250 P. 361; *Chapman* v. *Ada County*, 48 Idaho 632, 284 P. 259; *Cook County* v. *Fairbank*, 222 Ill. 578, 78 N. E. 895; *State* v. *Gorman*, 40 Minn. 232, 41 N. W. 948, 2 L. R. A. 701; *Fatjo* v. *Pfister*, 117 Cal. 83, 48 P. 1012; *Hauser* v. *Miller*, 37 Mont. 22, 94 P. 197; *Malin* v. *Lamoure County*, 27 N. D. 140, 145 N. W. 582, 50 L. R. A. (N. S.) 997, Ann. Cas. 1916C, 207; *State* v. *Mann*, 76 Wis. 469, 45 N. W. 526, 527, 46 N. W. 51; *State* v. *Switzler*, 143 Mo. 287, 45 S. W. 245, 40 L. R. A. 280, 65 Am. St. Rep. 653. It is urged by defendant that this court has repudiated the doctrine announced in the foregoing cases by the decision rendered in the case of *Peery* v. *Wright*, 13 Utah 480, 45 P. 46, 47. It is there held that, under a statute which provides that a sheriff shall receive as compensation for receiving and paying over money on execution a commission of 3 per cent. on all sums of money of $200 or less, and on all sums over $200 and under $300, 2 per cent.,

the sheriff was not entitled to any commission in a sale where the property was bid in by the judgment creditor to satisfy a judgment as no money was handled by the sheriff. No constitutional question was there raised, discussed, or passed upon. In the course of the opinion the court did say that:

"Obviously, the legislature intended the commissions provided for in the statute as compensation to the officer for the risk and responsibility of handling the money, and not for his services in crying the sale. For such service his other fees or compensation must suffice."

Further on in the opinion it is said:

"The only case on which counsel for the appellant relies for a reversal is that of *Sharvey* v. *Iron Co.* [57 Minn. 216] 58 N. W. 864, which was decided by the supreme court of Minnesota, and it must be conceded that it appears to support his contention, but in the case at bar we are not inclined to follow the ruling of that court."

The case of *Sharvey* v. *Iron Co.* referred to by this court in the case of *Peery* v. *Wright,* supra, held that a sheriff was entitled to commission on the sale price of property notwithstanding it was bid in at the sheriff's sale by a judgment creditor to apply on the judgment and no money changed hands. So far as appears from the opinion in the case of *Sharvey* v. *Iron Co.,* no constitutional question was raised and no mention is there made of the case of *State* v. *Gorman,* supra, which had theretofore been decided by the same court. In any event we fail to see wherein the case of *Peery* v. *Wright,* supra, aids defendant. The court did indicate that the commission provided for in the act there under review was intended to compensate the sheriff for the responsibility of handling money received under execution sale. As heretofore indicated in this opinion, it is only in rare cases that a clerk or judge handle any money in a probate proceeding, and if money is handled by the clerk in such a proceeding, it is as likely to occur in estates of little value as in estates of great value. The act here in question makes

no provision for commission to be paid the clerk for money that he may, perchance, be called upon to handle in probate proceedings.

It is further argued on behalf of defendant that even though the payments required to be made in probate proceedings may not be sustained as fees, and even though it be further conceded that such payments, when viewed as a general property tax, are not uniformly imposed according to the money value of the estate, and for that reason offend against article 13, section 3, of our State Constitution, still the act may be sustained as an inheritance tax. If it be conceded that the schedule of fees here brought in question constitutes an inheritance tax, still it is very doubtful if that would aid the defendant in the instant case. To view the schedule of fees as an inheritance tax would by no means solve the question here presented. Under such view, there would still remain the question: May the Legislature impose an inheritance tax for county purposes without offending against article 13, section 5, of our State Constitution? That question is not argued in the briefs of counsel and therefore we refrain from answering it in the present opinion. Cases dealing with the power of the Legislature to enact laws for the purpose of raising revenue for local units of government will be found collected in the case of *Best Foods, Inc.*, v. *Christensen*, supra. It is not necessary in the present case to consider what power, if any, the Legislature has to impose inheritance taxes for the use and benefit of counties because the fees provided for in the statute under review are not inheritance taxes. It will be observed that the required fees are payable in guardianship, as well as in probate proceedings. They are payable on the total appraised value of the estate without regard to whether it is solvent or insolvent. The burden cast upon the estate of the ward in a guardianship proceeding cannot be supported upon the theory that the fee required for filing an inventory and appraisement of the estate is an inheritance tax. So, likewise, the burden cast upon insolvent estate, or

that part of a solvent estate which is required to pay the debts thereof, cannot be supported upon the theory that such fees are in the nature of inheritance taxes. The arguments here urged by defendant to the effect that the fees here questioned are in any event inheritance taxes were urged in a number of cases heretofore cited in this opinion. The conclusions there reached are in harmony with the views heretofore expressed in this opinion. It will be noted that the plaintiff concedes that he is not entitled to the return of $10 of the fee paid for filing the inventory and appraisement, and it will be further observed that such fee is charged in all estates. That fees may be charged for services rendered in probate proceedings is not questioned. From what we have said, we do not wish to be understood as holding that the Legislature must fix fees payable in all probate proceedings the same. What we do hold is that the amount of fees that may be exacted must bear some reasonable relation to the extent and nature of the services rendered. Otherwise such fees are, in contemplation of law, taxes. That being taxes, they must be uniform and may not be levied by the Legislature for the use and benefit of a county. It follows that the law fixing the schedule of fees attacked in this action must fail because in conflict with the constitutional provisions relied upon by plaintiff.

The judgment is reversed. This cause is remanded to the district court of Carbon county with directions to reinstate the cause and overrule the demurrer, and for such other and further proceedings as may be proper. Appellant is awarded his costs on appeal.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.